## No. 11,040.

### STARK, ET AL. *v.* STEPHENS.

Decided February 2, 1925.

Action to enjoin foreclosure of a trust deed. Judgment for plaintiff.

*Affirmed.*

1. EQUITY—*Innocent Parties.* The rule that when one of two innocent parties must suffer by the act of a third, he who placed the wrong doer in position to inflict the injury must sustain the loss, has no application where each was responsible.

2. PRINCIPAL AND AGENT—*Agency—Evidence.* On a question of agency, a letter to the alleged agent held not to constitute an appointment by the writer, under the facts disclosed.

3. *Agency—Bills and Notes—Evidence.* Where notes are payable at a place and to a person specifically designated, if payment is made to the designated party who does not have possession of the notes, such facts standing alone would make him the agent of the payer, but other facts may appear which will overcome this conclusion and establish the contrary.

4. *Agency—Similar Transactions.* Where, in a general course of dealing, one acted as agent for another in collecting money on notes, evidence justifying the conclusion that such general course covered the transaction under consideration is sufficient to prove agency in that particular case.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Messrs. HARRIS & PRICE, for plaintiffs in error.

Mr. J. C. YOUNG, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error were defendants and defendant in

error was plaintiff in the trial court. They are hereinafter referred to as there.

Plaintiff owned a certain tract of real estate on which defendants held a trust deed in process of foreclosure, which foreclosure this suit was brought to enjoin on the ground that the indebtedness had been paid. Trial was had to the court, findings were for plaintiff and judgment was entered accordingly. To review that judgment defendants bring error.

The payment was made to one Miller as agent. The trial court held Miller to be the agent of defendants; they contend he was the agent of plaintiff. No other question need be considered here.

Miller once owned the tract in question and sold it to Salsbery, taking the latter's note for $1,000 as part of the purchase money. The note was secured by trust deed and this is the note and security in question. Salsbery sold the land to plaintiff who assumed the indebtedness, and Miller sold the note to defendants.

This note was dated April 18, 1916, and was due April 18, 1921. Principal and interest were payable at the office of Miller in Colorado Springs. Privilege was reserved to pay the principal at the end of three years from date. The interest was at eight per cent evidenced by twenty interest notes numbered consecutively. Those bearing odd numbers were for semi-annual interest at seven per cent per annum, $35.00 each, and those bearing even numbers were for semi-annual interest at one per cent per annum, $5.00 each. Plaintiff paid these interest notes regularly to Miller until April 15, 1919. On that date plaintiff was residing at Sedan, Kansas, and from there he sent Miller $1,040, the total required to discharge the debt three days thereafter, the optional date fixed by the note. Miller received the money, paid defendants their interest note then due, and kept the remainder. Plaintiff made no further payments but each six months thereafter Miller paid defendants their semi-annual interest until August 9, 1923,

when he died. The principal note was then more than two years past due.

Defendants had long done business with Miller and purchased of him many other notes. In each case he continued to collect the interest and collected the principal when due. This he sometimes paid defendants and sometimes applied on other loans which he transferred to them. Some twenty such loans were held by defendants at the time of Miller's death. They were bought with the understanding that Miller would collect principal and interest and attend to all details. Defendants never instructed him when payments should be made or loans reduced. Usually they did not examine the property or title but took Miller's recommendation for both.

When Miller sold this particular note to defendants he merely phoned, telling them what he had, and shortly thereafter brought it to them and received payment. It was understood, from the course of their dealing in other cases, that Miller was to collect the interest. Miller's stenographer testified that all his loans, made and sold, were handled in the same manner and that in the only case known to her where foreclosure was necessary Miller attended to that. During the time payments were being made by plaintiff he was in Kansas. He did not know defendants owned the paper. The only evidence which would put him on inquiry was that the even numbered interest notes which he paid and received were not indorsed, while those bearing odd numbers were indorsed, "Pay to the order of W. C. Stark, F. Henry Miller." The odd numbered notes were the property of defendants. The even notes were the property of Miller, and his stenographer testified that they were Miller's commission "and for taking care of the loan." In 1920 plaintiff saw Miller in Colorado Springs and made inquiry about the principal note. He was told that Miller had sent it to him and that it must have been lost in the mail. Prior thereto he had written Miller about it but had received no reply.

Each of the parties hereto claims the benefit of the

rule that when one of two innocent persons must suffer by the act of a third he who placed the wrong doer in position to inflict the injury must sustain the loss. The rule, however, has no application where, as here, each was responsible. Plaintiff paid the note to Miller without its delivery and also paid to him the odd numbered interest notes without investigating the claims of Stark whose name appeared thereon. Defendants made neither inquiry nor investigation concerning the loan from April 18, 1921, the date of maturity, to August 9, 1923 when Miller died. During the first year of that time Miller was solvent and could have accounted to his principal. Hence these parties were equally culpable.

Defendants next say that plaintiff's letter transmitting check in payment of the principal note contains an express appointment of Miller as his agent to make the payment. That note reads:

> "Hewins Kans
> 4-15-1919
> Dear Sir—I am sending you a check of 1.040 for whitch to pay the David H Salsburry note due 4-18-19 and Interest
> Please return to
> John E Stephens
> Hewins
> Kans"

A letter substantially so worded, if written by a shrewd business man or careful lawyer, might give some support to the argument that it should be interpreted "you are to pay," not "the check is to pay," but Stephens was a farmer who had never before been a party to such a transaction. Add to this the misspelled "whitch" and "Salsburry", the failure to indicate whether "1.040" refers to dollars, cents, or the number of the check, the fact that the letter itself is addressed to no one, its peculiar wording, and its crude character as the original appears in the record, and no importance can be attached to it so far as the question of agency is concerned.

Again, defendants say that because these notes were pay-

able at a place and to a person specifically designated, said person not having possession of the notes became the agent of the payer. Such facts standing alone may be controlling but others may overcome them and establish the contrary. *Stuart & Co. v. Asher*, 15 Colo. App. 403, 62 Pac. 1051.

A general course of dealing with similar transactions wherein the person in question acted as agent of the payee and evidence, as here, justifying the conclusion that such general course covered the transaction in question, is sufficient for that purpose. *Frost v. Fisher*, 13 Colo. App. 322, 58 Pac. 872; *Wales v. Mower*, 44 Colo. 146, 96 Pac. 971.

The most that can reasonably be claimed on the question of evidence of agency is that there was a conflict and the trial court held against the weight of it. This is demonstrated by defendants' reply brief, where, answering plaintiff's statement of facts which he claims conclusively shows Miller to have been defendants' agent, it is said, "While the proof may have shown the statements there were others shown by the other side that were decidedly contrary."

If this were merely a case of conflicting evidence we would not, under a well established rule, disturb the finding. In our opinion, however, the evidence that Miller was the agent of defendants is overwhelming and the trial court could have reached no other conclusion.

The judgment is accordingly affirmed.