BISHOP *v.* MELTON.

4-6409                                    152 S. W. 2d 299

Opinion delivered June 16, 1941.

*J. B. Reed,* for appellant.

*W. P. Beard,* for appellee.

McHANEY, J.   Appellant brought this action, in the nature of one for specific performance, against appellees for the enforcement of a written contract of lease of certain real property in the town of Lonoke, with an option of purchase.   Trial resulted in a decree dismissing appellant's complaint for want of equity, and he has appealed.

Appellant was desirous of acquiring title to four lots in Lonoke and, to this end, had considerable negotiations with the owners who lived in another state.   Finally he got an offer to sell for a cash consideration of $2,600. He tried to borrow the money to consummate the deal from several persons, including appellee, Joe Melton, but was unable to do so.   After several unsuccessful attempts to get appellee to furnish the money to buy the property in appellant's name, with a mortgage back

to appellee as security, the latter agreed to purchase the property, enter into a contract of lease thereof for three years with appellant upon the payment and performance of certain conditions, with an option to purchase at any time within three years for the price paid, conditioned upon the performance of said conditions. Accordingly on December 22, 1938, appellee wrote appellant the following letter: ''I have this day made a deal to purchase lots three (3), four (4), five (5) and six (6), in block seven (7), Hicks & Reynolds Survey, from John R. Loomis, Trustee in the matter of the Estate of C. W. Hine, deceased, at and for the sum of $2,600. I have paid $500 in cash down. The balance due to be paid as soon as a good deed can be delivered to me. I then agree to lease this property to you for a period of three years at a rental of $500 per year. The rental is to be paid in monthly installments commencing 30 days from the date of the delivery of the deed to me and the signing of the lease from me to you. I further agree that at any time during the three years you are permitted and authorized to purchase this property from me at and for the sum of $2,600, the actual amount I paid for same.''

It took more than a year to close the deal with the owners, and on March 1, 1940, title having been acquired by appellee, the parties entered into the written lease agreement mentioned in said letter, and it was agreed that appellee was to rent the property to appellant for three years at an annual rental of $500, payable monthly on the first day of each month, $41.66 being paid for the month of March at the date of signing the contract. Other conditions imposed were the erection of a filling station, to be begun within 10 days and completed within 90 days, to cost not less than $1,000 and insured for not less than that sum to be paid for by appellant, who was also required to pay all taxes during the term of the lease. It was further agreed that ''in case default is made in the paying of the monthly rental when due,'' or the taxes are not paid, or the erection of a filling station is not made as above set out, the agreement should be void, and all moneys paid for rent or expended for improvements shall be considered rent and appellant

agreed to vacate the premises on request. Another clause in the contract reads: "If all payments of rent, taxes and insurance above mentioned are met as set out herein, and the improvements carried out as specified, then the second party shall have an option and the right at any time within three years from March 1, 1940, to purchase this property for the price of $2,600 cash, the amount first party paid for same. In case default is made in the payments, the option shall not exist, and any and all improvements made on these premises shall go and become the property of the party of the first part, and this contract shall expire when default is made, or if the rental is paid for three years, and the purchase price is not paid as agreed, the contract is ended."

The complaint was filed August 2, 1940, and, although appellant admits that he failed to pay the rentals as agreed and failed to erect a filling station, he alleged that on July 18, 1940, he notified appellee he was ready, willing and able on said date to pay the purchase price of $2,600, with all arrears of rent and offered to make a tender thereof, and demanded a deed of conveyance of said lots, which was refused by appellee on the ground that, in his opinion, the contract had terminated. Appellees defended the action on the ground that appellant failed to perform the conditions of the lease agreement, thereby forfeiting his right or option to purchase.

We think the trial court correctly dismissed the complaint as being without equity. The contract of March 1, 1940, was simply a lease agreement with an option to the lessee to purchase on certain conditions, and was made pursuant to and in accordance with the written agreement of December 22, 1938. Such a contract is legal and binding upon the parties, and, being in writing, its meaning and import must be determined from the instrument itself, parol evidence not being admissible to show that they intended to make a different contract. *Thomas* v. *Johnston*, 78 Ark. 574, 95 S. W. 468. It was held in that case that "a landowner may agree with another that the relation of landlord and tenant shall subsist between them until it shall be changed into the relation of vendor and vendee by payment in full of certain amounts

named.'' Syllabus 3. In that case the landowner leased to another certain farm land for three years at $150 per year, payable October 1 each year, and it was agreed that if the notes given for said payments were promptly paid, with interest, as they became due, the owner bound himself to convey said land to the lessee by deed. In that respect that case differs from this, as here the rent stipulated was not a part of the purchase price, in the event the option to purchase was exercised, but was in addition to the $2,600 appellant agreed to pay. In that case, making the payments, called rent, according to the terms of the contract, entitled the lessee-purchaser to a deed. It was held that failure to pay as stipulated did not change the relation of landlord and tenant to that of vendor and vendee. Judge McCulloch there quoted from 18 Am. & Eng. Enc. Law, pp. 168, 169, in part as follows: ''. . . So, also, a lease may give to the lessee an option to become a purchaser without preventing the creation of the relation of landlord and tenant prior to the proper exercise of such option, though the payments made as rent are to be credited upon the purchase price in case of the exercise of such option. Where it is stipulated in the contract of sale that the tenant shall pay rent during his occupation, and until the conveyance is made, the relation of landlord and tenant is created.'' See, also, *Goode* v. *King,* 189 Ark. 1093, 76 S. W. 2d 300; *Wright* v. *Burlison,* 198 Ark. 187, 128 S. W. 2d 238.

Appellant suggests that an instrument executed for the purpose of securing the payment of money is in effect a mortgage, whatever its form may be. But the writing in evidence does not constitute an agreement to pay money except for rent and not for the property. He also cites and relies on *Morris* v. *Green,* 75 Ark. 410, 88 S. W. 565, to support the proposition that, where an agreement is simply one for the payment of money, a forfeiture, incurred by its nonperformance, will be relieved against on payment of the debt, interest and costs, and so it does. But the contract here is not simply one for the payment of money. In that case the contract was one of vendor and vendee, under a bond for title, with a

forfeiture provision on failure to pay. Here it is one of landlord and tenant with an option to buy, conditioned upon the tenant's prompt payment of the rents on the first day of each month, and other conditions, none of which were performed. Assuming without deciding that appellee waived all the conditions except payment of the rent as agreed, still appellant breached that condition and by so doing forfeited his option to buy. As above stated, the rent payment made and those agreed to be made did not constitute a part of the purchase price and were not to be credited thereon. His right to purchase at all depended upon the performance of the conditions stated. It is a hard contract, but appellant was competent to make it, of lawful age, and does not claim there was any fraud or other inequitable conduct on the part of appellee in its procurement. Courts do not make contracts for the parties, and we feel that we would have to change this one to grant appellant the relief prayed.

Affirmed.