[Civ. No. 14041.   Second Dist., Div. One.   Sept. 8, 1943.]

J. HARTLEY TAYLOR, Respondent, v. F. A. CLARKE, Appellant.

Marshall Stimson, Fred Horowitz, Leslie S. Colyer and Girard F. Baker for Appellant.

Brooks Gifford and William E. Fox for Respondent.

DORAN, J.—The defendant in an action to have a partnership declared, for dissolution of the partnership and for an accounting, appeals from a judgment in favor of plaintiff. After a trial of the issues presented by the pleadings the trial court found in favor of the allegations of plaintiff's amended complaint and granted judgment accordingly. Defendant by his cross-complaint sought to have established his sole ownership of the property involved; but the court found against defendant upon the issues raised by his cross-complaint.

Briefly, the controversy arose out of the following situation, revealed by the transcript. Appellant had induced respondent to invest in the stock of a corporation in which appellant was interested. Thereafter the corporation was declared bankrupt; and appellant then proposed that respondent purchase the assets of the bankrupt corporation. Respondent advanced the money for the purchase of the assets; and respondent told appellant that after purchase of the assets respondent would allow appellant to run the business and respondent and appellant would be equal partners in the business and divide the profits equally. The assets of the bankrupt corporation were purchased and the business was thereafter carried on by appellant, who kept in touch with respondent regarding the operations. Respondent also advanced certain additional sums when appellant requested the money as necessary to carry on the business.

The greater part of appellant's contentions are in the final analysis concerned with the sufficiency of the evidence to support the findings of the trial court; and appellant's principal argument in this regard is directed to the effect of a purported lease of the assets involved, made by respondent to appellant, after the alleged partnership arrangement had existed for about three months. There is evidence that this lease was executed at appellant's request, that it was understood the lease was not intended to affect the partnership relation, and that respondent executed the lease upon the representation by appellant that it would enable appellant to

run the business more conveniently. The trial court found that the lease was to have no legal force or effect between the parties, that it was not to be binding upon either plaintiff or defendant, that the terms of said document were never to be performed by either of the parties, that said document was to be a sham, and that it was made only so that the business could be operated more conveniently by the defendant and appellant. ■ The record reveals support for such a finding in the evidence. Appellant also adverts to the fact that the certificate of doing business under a fictitious firm name, required by section 2466 of the Civil Code and filed by appellant, did not show the name of respondent as a partner. This fact has no material bearing upon the question of the existence of a partnership between the parties. The certificate of doing business under a fictitious firm name is required to be filed for the protection of third parties (*Andrews* v. *Glick,* 205 Cal. 699 [272 P. 587]) and does not affect the relation of partners as between themselves. The transcript of the proceedings in the court below clearly reveals sufficient support for the findings made by the court.

■ Appellant claims error in the admission of testimony relative to conversations respecting the circumstances under which the purported lease was executed by respondent, contending that such testimony was an attempt to vary the contents of a written instrument. It is at once evident that the testimony in question was not introduced for the purpose of varying the terms of a written instrument, but was introduced for the purpose of showing that there was in fact no valid or binding agreement at all. ■ Appellant also contends that the trial court erred in denying appellant's request that respondent be required to produce for inspection and use of appellant upon the trial, the income tax returns of respondent, and in sustaining respondent's objection to the questions propounded by appellant relative to said income tax returns. Appellant argues that the manner in which respondent treated his business relations with appellant in his income tax returns made under oath was very material in determining whether a partnership actually existed. Without passing upon the merits of appellant's contention, it is apparent that the admission of such evidence for consideration by the trial court could not affect the judgment rendered by the court or compel the entry of a different judgment.

The refusal of the trial court to consider the excluded testimony cannot under the circumstances be held prejudicial. As a matter of fact, such evidence, if held material, would carry but slight weight upon the question of the actual existence of a partnership. ■ Appellant seeks to invoke the equitable maxim of "clean hands," but appears to have raised this question for the first time upon this appeal. Resort to such defense must be had in the trial court to be available, and appellant may not raise this point for the first time on appeal. Moreover, it does not appear that the maxim is applicable to the facts of the present case. ■ There is no merit in appellant's contention that the alleged oral agreement of partnership upon which respondent relies is against public policy and void. As between the parties themselves there was no illegality or impropriety in respondent furnishing capital for the business venture and acting as the silent partner of appellant. It is unnecessary to discuss other specific exceptions taken by appellant.

The judgment is affirmed.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 4, 1943. Carter, J., and Schauer, J., voted for a hearing.