## No. 15,857.

BALL ET AL. *v.* WRIGHT ET AL.
(195 P. [2d] 739)

Decided June 28, 1948.

Mr. HAROLD B. WAGNER, Mr. CARL A. WYERS, for plaintiffs in error.

Mr. DON W. MARSHALL, Messrs. SCHAETZEL & KNIGHT, for defendants in error.

*In Department..*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as Mrs. Ball and Mrs. Monroe and defendants in error as Mrs. Wright and William Wright (son of Mrs. Wright) respectively. Mrs. Ball and Mrs. Monroe brought this action against Mrs. Wright and William Wright to oblige the former to specifically perform a contract to sell real estate, for damages for failure and for partition setting off the portion alleged to have been purchased from the portion thereof belonging to William Wright. The cause was tried to a jury and on its verdict judgment was entered for the Wrights, to review which plaintiffs in error prosecute this writ. There are but two assignments: 1. Denial of plaintiffs' motion for judgment "at the conclusion of all the evidence because" (setting forth reasons); and 2. "Denying plaintiffs' motion for new trial because" (setting forth the reasons). In each assignment the "reasons" cover conclusions contrary to the verdict and alleged erroneous rulings on evidence.

The contract which is the basis of this action is apparently written on a form bearing the heading "Hunt for Real Estate Fred G. Hunt, Jr." It begins with a receipt from plaintiffs in error for $200 "as part payment for the following described real estate" (describing it). It states that the entire price is $5,250, "Balance $5,050 to be paid as follows: Cash" ————. "This sale made subject to approval of owner and current lease (if any exists) 2 year lease" * * *. "If the title is found good and the purchaser does not make the payment of said balance as above provided on or before said date then this payment of $200 is to be forfeited to 'Hunt for Real Estate' as liquidated damages." * * * "If good title can not be given within reasonable time, then this deposit is to be returned to said purchaser," signed "Hunt for Real Estate, Agent, by Fred G. Hunt, Jr." Then follows an approval signed by plaintiffs in error as purchaser "By Belle Delano Monroe." This is followed by the statement "The above sales agreement is accepted by me Alice M. Wright, Owner." The only material "reasons" set forth under the assignments are the admission "of an alleged oral condition made prior to signature (by Mrs. Wright) of the contract"; that "the testimony is undisputed that Fred G. Hunt, Jr., was the agent of the defendant Alice M. Wright"; the admission of certain evidence of alleged oral conditions preceding the signature "because said statements were hearsay"; and the admission of evidence "relating to the purchase by these plaintiffs of other real property."

A brief statement of the facts will disclose that but two questions raised by this record require consideration: 1. The relationship of Fred G. Hunt, Jr., to the defendants in error; and 2. The correctness of the ruling admitting oral testimony of the alleged conditions under which Mrs. Wright affixed her signature.

The Wrights were owners in joint tenancy of the property in question, referred to in the record as "the Rosemary property" and herein as "Rosemary." William

Wright was in China. Hunt, at the instigation of plaintiffs in error, interviewed Mrs. Wright about her willingness to sell Rosemary and obtained from her a price. It is contended by the Wrights that prior to the signing of the contract she repeatedly made it plain to Hunt that her son was a joint owner whose consent must be obtained and without which no sale could be consummated, and had from him his repeated assurance that he had communicated that fact to plaintiffs in error. William Wright, by correspondence, declined to approve the sale or join in the transfer. Under the record in this case it is clear that no cause of action exists against him, but plaintiffs in error claim the right to enforce the contract against Mrs. Wright and compel partition to have her interest in Rosemary set off to them.

■ 1. Mrs. Wright's dealings were with Hunt. He sought her out. He was a former friend and coworker of Mrs. Monroe's husband. The Wrights paid him nothing. He drew and presented to Mrs. Wright for her signature the contract in question. It was prepared on his form. If the purchaser failed to comply with it the forfeiture was to be paid to Hunt. When the deal for Rosemary fell through plaintiffs in error immediately procured another tract in lieu thereof and in that transaction Hunt acted for them. Certain interrogatories were submitted to the jury in answer to which they found that Hunt was acting as agent for the plaintiffs in error. He had died prior to the trial. The evidence overwhelmingly supports the finding of the jury as to this agency.

■■ 2. Counsel for plaintiffs in error proceed upon the theory that this is an attempt to vary the written terms of a contract, whereas the real question is, Was there a contract, if, as Mrs. Wright contends, the document was never intended to become such until approved by the joint owner, William Wright? If that contention is correct, as the court held and as we approve, there could be no question of any attempt to vary its terms or modify it by oral evidence until it had the sanction

of both joint owners, which it never had. Furthermore, it was subject to approval by the owner of a current lease. That approval Hunt, at the instigation of plaintiffs in error, sought to obtain and failed. It is contended that evidence of Mrs. Wright's communication to Hunt of the interest of her son and the essential conditions of his approval were erroneously admitted prior to the evidence of Hunt's agency for plaintiffs in error, but the order of proof rested in the discretion of the trial court and in the exercise thereof no prejudice appears. *Robert E. Lee S. M. Co. v. Englebach*, 18 Colo. 106, 109, 31 Pac. 771. Evidence that Hunt acted as the agent of plaintiffs in error in a transaction immediately succeeding that in question, and in which they were attempting to secure property which they intended to devote to the same purpose as that contemplated for Rosemary, was some evidence that Hunt's agency in the two was identical. *Stark v. Stephens*, 76 Colo. 550, 554, 233 Pac. 619.

The defense of no contract because requisite conditions to its effectiveness are not complied with, and oral proof of such conditions, is not unknown to the law nor the rule applicable thereto in doubt. "The rule excluding parol evidence has no place in any inquiry unless the court has before it some ascertained paper beyond question binding and of full effect. Hence, parol evidence is admissible to show conditions precedent, which relate to the delivery or taking effect of the instrument, * * * for this is not an oral contradiction or variation of the written instrument but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed; * * *." 32 C.J.S., p. 857, §935; *Rothstein v. Weeks*, 224 Mich. 548, 195 N.W. 49, 51.

In any event it is gravely doubtful if this is a case for the interposition of equity. It is apparent that the parties considered that Mrs. Wright might not be able, acting in perfect faith and with due diligence, to convey good title, i. e., to the entire tract which, only,

was contemplated by the contract. In such case the deposit was "to be returned to the purchaser." Mrs. Wright so acted and failed. That terminated the contract and the relations of the parties.

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE ALTER concur.