340 P.2d 83

**Ellen Smith MOODY, and Charles Moody, her husband, Appellants and Plaintiffs,**

v.

**Juanita C. SMITH, individually, and as Guardian of the Estate of Dennis Smith, a minor, Josephine Smith Voda, Rachael Smith Jensen, John Doe and Richard Roe, and all persons unknown claiming any right, title, estate or interest in and to the real property subject of this action, Respondents and Defendants.**

No. 8799.

Supreme Court of Utah.

May 29, 1959.

Clyde & Mecham, Elliott Lee Pratt, Salt Lake City, for appellants.

Draper, Sandack & Draper, Salt Lake City, for respondents.

McDONOUGH, Justice.

Plaintiff initiated this action for partition of her undivided one-fifth interest in certain grazing lands located in Wasatch and Duchesne Counties. The land in question was given by David and Alice Smith to their five children, each to receive an undivided one-fifth interest. Plaintiff is one of these children and defendants Juanita and Dennis Smith are the widow and son respectively of another, who prior to his death acquired all interests except that of plaintiff. These two defendants and the plaintiff are the only parties claiming any interest in the land.

At the commencement of the partition action defendant filed a counterclaim alleging that a lease had been signed between the parties, that the lease contained an option to purchase operative for the full five-year term of the lease, and that defendant has exercised this option. Plaintiff admitted the validity of the lease but challenged the effectiveness of the option clause. The option made reference to an attached, unsigned contract of sale, noting that the purchase was to be made in accordance with the terms of said contract, should the option be exercised.

At trial plaintiff attempted to introduce evidence to show the parties had not intended the option clause of the lease to be effective. This evidence, consisting of certain letters and of testimony by plaintiff, her husband and by another of the five children, was generally designed to indicate an intent contrary to that evidenced in the lease, and was excluded as a violation of the parol evidence rule.

The trial court correctly regarded the lease as including the option, and that it was valid and had been exercised. Inasmuch as there could be no question that if the option was given defendant had exercised it, judgment was rendered against plaintiff, no cause of action in the partition suit and rendered for defendant on her counterclaim. Plaintiff was ordered to convey her interest in the land to defendant

and to accept payment as set forth in the contract, attached to the lease.

It is alleged the court erred in a) failing to find the contract terms to be ambiguous and impossible of performance, b) excluding evidence tending to show no option was intended, and c) in holding an option had been executed between the parties.

The first charged error is based on the fact that certain dates noted for each element of performance, as set forth in the contract, could not be met as of the time the option was exercised. This situation, argues plaintiff, created such ambiguity that the contract was impossible of performance even had the option been intended to be effective, and the contract cannot therefore be enforced. This position fails to consider the fact that any performance dates noted in an option contract operative throughout a five-year period would in all probability, not coincide with the actual dates of exercise. With this in mind it is evident that the fixed dates should have no purpose other than to indicate the relative time for each element of performance. Plaintiff makes further attack on this contract because it is unsigned, maintaining it should therefore be given no consideration. However, the lease, which included the option, was signed and made reference to the contract merely as a document containing the terms of sale to be utilized should the option be exercised. These terms might as well have been noted on any document, so long as it was identifiable and incorporated by reference into the signed document. Such a paper would require no signature nor would the contract in this case.

Plaintiff's remaining points rest upon common ground and may be treated jointly. The issue is whether the exhibits and testimony should have been admitted to show a different intent than was indicated on the face of the lease. If the evidence was properly excluded there is no recourse but to read the plain meaning of the document, that plaintiff did grant defendant an option to purchase. If, however, the evidence should have been heard, the real intent would have been sufficiently doubtful to require subsequent judicial determination.

Admission of the challenged evidence was denied on the grounds that it was an attempt to alter or vary the terms of a written contract. Plaintiff concedes the general rule prohibits the consideration of extrinsic evidence to alter or vary the terms of a written contract,[1] but claims the evidence offered was not intended to have this effect. Plaintiff declares this evidence should be regarded as either an attack on the very existence of the option as a

1. Richlands Irr. Co. v. Westview Irr. Co., 96 Utah 403, 80 P.2d 458; Murphy v. Salt Lake City, 65 Utah 295, 236 P. 680; Bishop v. Melton, 202 Ark. 732, 152 S.W. 2d 299.

contract[2] or as a clarification of an ambiguous contract,[3] either of which are exceptions to the aforementioned rule. Consideration of the latter exception is unnecessary in light of the determination above that this was not an ambiguous contract.

Although plaintiff correctly notes an existing exception in those instances when the evidence seeks to show no contract existed, the application of that exception to this case is improper. Plaintiff's attack is directed against the existence of the option clause, and this allegedly challenges the creation of a contract. Inspection does not support such a conclusion; the option is an integral part of a larger contract, the lease. This encompassing lease was admittedly a valid and binding agreement and would unquestionably be altered and varied should any change be made in the meaning or effect of the option. Plaintiff cannot seek to alter a portion of a valid, written contract under the guise of attacking the existence of that portion as a separate contract. The pronouncement of this court in Ephraim Theatre Company v. Hawk[4] is a valuable guidepost in the present case. In that instance this court said, "It would defeat the very purpose of formal contracts to permit a party to invoke the use of words

or conduct inconsistent with its terms to prove that the parties did not mean what they said."

The judgment is affirmed. Costs to respondents.

CROCKETT, C. J., and WADE, J., concur.

HENRIOD, J., does not participate.

WORTHEN, J., heard argument but died before opinion was filed.

2.  20 Am.Jur., Sec. 1094; Ball v. Wright, 118 Colo. 410, 195 P.2d 739.

3.  Radley v. Smith, 6 Utah 2d 314, 313 P. 2d 465; Johnson v. Geddes, 49 Utah 137, 161 P. 910.

4.  7 Utah 2d 163, 321 P.2d 221, 223.