**Perry MESSICK, Plaintiff and Appellant,**

**v.**

**PHD TRUCKING SERVICE, INC.,**
**Defendant and Respondent.**

**No. 16605.**

Supreme Court of Utah.

Aug. 15, 1980.

5. 545 F.2d 578 (1976).

Jackson Howard of Howard, Lewis & Petersen, Provo, for plaintiff and appellant.

Robert L. Moody, Provo, for defendant and respondent.

STEWART, Justice:

This action was brought by plaintiff, lessor under a truck leasing agreement, to compel the defendant lessee to account for payments due and owing to plaintiff. The trial court found an accord and satisfaction had been reached and entered judgment for the defendant.

The issues which the parties raise on appeal are (1) whether there was an accord and satisfaction, and (2) whether plaintiff was to be compensated for the use and operation of his truck pursuant to the terms of a written agreement or pursuant to the terms of an oral agreement between the parties.

Perry Messick, plaintiff, bought a truck from Verl Davies and Ray Hiatt in their individual capacities on December 7, 1963, for $10,000. Messick paid $2,000 down and gave a note for the balance to Davies and Hiatt. Davies and Hiatt are the owners and principal officers of defendant, PHD Trucking Service, Inc. On January 1, 1974, plaintiff, pursuant to a lease agreement, leased the truck to PHD Trucking. The terms of the lease provided that PHD would pay plaintiff on a per-mile basis. The lease expired on July 1, 1974, and an identical agreement was signed by the parties on November 22, 1974. During this time, when credits to plaintiff's account exceeded the expenses, credits to the purchase price of the truck were made to that account. On October 22, 1976, plaintiff sold his truck back to Davies and Hiatt for $2,000 less a $473.97 fuel bill which plaintiff had charged to defendant's account. The total, $1,526.03, was in consideration of defendant's acquiring all equity and interest that plaintiff had in the vehicle. There is no indication that this transaction was intended to offset any amounts owing under the lease agreement or any other agreement under which the parties were operating during the time of the lease.

Plaintiff claims the lower court erroneously found an accord and satisfaction of all claims between plaintiff and defendant. The trial court made no findings regarding the specific elements constituting an accord and satisfaction, including the parties' expressions of intent to reach a settlement of all claims, and simply found that "the dealings between the parties were settled in a settlement agreement" constituting an "accord and satisfaction." Even giving the trial court's decision the usual presumption of validity, there is not sufficient support in the record for the lower court's ruling that there was an accord and satisfaction.

■ Accord and satisfaction is an affirmative defense and requires the party alleging it to meet the burden of proof as to every necessary element. *Tates, Inc. v. Little America Refining Co.*, Utah, 535 P.2d 1228 (1975), appeal after remand 551 P.2d 1257 (1976); *Ralph A. Badger & Co. v. Fidelity Building & Loan Ass'n*, 94 Utah 97, 75 P.2d 669 (1938); 6 *Corbin on Contracts* § 1280 (1962).

■ To effect an accord and satisfaction, payment must result from declarations of such a clear nature as to assure that the parties are aware of the extent and scope of such agreement. *Cannon v. Stevens School of Business, Inc.*, Utah, 560 P.2d 1383 (1977); *Hintze v. Seaich*, 20 Utah 2d 275, 437 P.2d 202 (1968); 1 Am.Jur.2d *Accord and Satisfaction* § 14 (1962). When two claims based on different types of transactions are involved, settlement of one does not result in an accord and satisfaction of

the other claim without a clear expression of the parties evidencing such an intent. *Dillman v. Massey Ferguson, Inc.*, 13 Utah 2d 142, 369 P.2d 296 (1962). See *Bell v. Jones*, 100 Utah 87, 110 P.2d 327 (1941); *State v. Campbell Building Co.*, 94 Utah 326, 77 P.2d 341 (1938).

The written agreement in this case merely "releases all equity and interest" plaintiff had in the truck and "give[s] Verl D. Davies and M. Ray Hiatt full equity back and total ownership and possession" of the vehicle.

The record reveals no expression of an intent to discharge rights or obligations involving the lease and operation of the truck. Defendant failed to prove that it had made known to plaintiff an intent to consider plaintiff's release of defendant's equity in the truck for the sum of $1,526.03 as an accord and satisfaction of all plaintiff's claims against defendant regarding the leasing and operation of the truck.

In short, there is no evidence to support the lower court's finding of an accord and satisfaction as to all claims.

The parties are also in dispute over the terms for payment concerning the use and operation of the truck. Plaintiff contends that the terms of the written lease were controlling. Defendant, on the other hand, claims that payment was to be made pursuant to an oral agreement. Specifically, defendant claims that the parties had orally agreed that payment would be made on a tonnage-rate-per-trip basis. Defendant claims the written lease agreement was provided solely to comply with the requirement of the Public Service Commission. By operating under the lease agreement, plaintiff could use the truck under defendant's certificate of public convenience and necessity, thus fulfilling the authorization requirements for operating the truck set forth by the Commission.

Defendant's explanation for the appearance of a rate-per-mile scale in the lease is that since the tonnage rate varies from trip to trip according to several variables, the defendant saved the lengthy detail involved in reducing such method to writing by substituting a simpler rate-per-mile scale. We find this explanation untenable since a general reference to a tonnage basis could have easily been made in the lease rather than resorting to a method of calculation totally at odds with a payment scale based on tonnage.

In order to admit evidence of the tonnage basis into evidence, PHD attempts to avail itself of an exception to the parol evidence rule by claiming the parties never intended the written lease to be binding. *Moody v. Smith*, 9 Utah 2d 139, 340 P.2d 83 (1959). The exception to the parol evidence rule which permits the admission of testimony to establish that a written contract has no force or efficacy, is founded on the precept that the parties intended the entire agreement to be null and void. *Taylor v. Clarke*, 60 Cal.App.2d 438, 140 P.2d 985 (1943); *Cosper v. Hancock*, 163 Colo. 263, 430 P.2d 80 (1967); *Hammond v. Knievel*, 141 Mont. 433, 378 P.2d 388 (1963); *Schieve v. Warren*, 87 Nev. 42, 482 P.2d 303 (1971); and *Bond v. Wiegardt*, 36 Wash.2d 41, 216 P.2d 196 (1950).

This exception is improperly invoked in the instant case. The defendant contends there was no intent to be bound by the pay schedule appearing in the lease, yet admits the existence of the lease agreement and relied on the operational authority it provided. Since the evidence clearly fails to support a finding that the parties intended the entire agreement to be null and void, and since there was no claim of ambiguity in the writing, it was error to permit evidence concerning payment terms other than those found in the written lease. See *Moody v. Smith*, 9 Utah 2d 139, 340 P.2d 83 (1959).

We reverse and remand the case for further proceedings consistent with this opinion.

Costs to Appellant.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.