Cathleen Louise PETERSEN, Plaintiff and Respondent,

v.

Arnold Barr PETERSEN, Defendant and Appellant.

No. 18851.

Supreme Court of Utah.

Oct. 31, 1985.

Gordon Strachan, Ronald E. Nehring, Salt Lake City, for defendant and appellant.

J. Ray Barrios, Donn E. Nelson, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant Arnold Barr Petersen appeals a decision of the district court enforcing two promissory notes executed by defendant in favor of plaintiff Cathleen Petersen, refusing to enforce an agreement between plaintiff and Barr Development, Inc., and not granting interest on certain money judgments in favor of defendant.

Cathleen and Arnold Barr Petersen married in 1954 and divorced for the first time in March 1976. As part of the property division, plaintiff received the family home and several real estate contracts. The parties remarried in May 1976. In a prenuptial agreement, the parties provided that in the event of a subsequent divorce each would retain those assets brought into the marriage, including any appreciation of those assets. Under this agreement, plaintiff retained sole ownership of the family home, even though defendant resided there during the second marriage.

After the remarriage, defendant took over responsibility for managing plaintiff's real estate contracts and making mortgage, tax, and insurance payments on the family home. Taken together, the real estate contract income and expenses, and the payments made on the family home, produced a negative cash flow. Defendant personally paid $11,730.54 to keep plaintiff's obligations current.

Further, shortly after the remarriage, the parties began to construct additions to the family home. Defendant supplied the materials, acquiring them through Barr Development, Inc., a construction company of which he was president. Defendant, plaintiff, and their two teenaged sons supplied the labor. Over a period of three years, the patio was expanded, and a family room, a guest house, a gymnasium, and a greenhouse were constructed. At trial, an independent remodeling contractor testi-

fied that all of the additions, totalling 4,778 square feet, would have cost between $45,-000 and $55,000, including materials and labor, if performed by his company.

In May and June 1977, plaintiff made two loans of $23,274 and $41,247, respectively, to defendant. To secure the loans, defendant executed promissory notes in favor of plaintiff. The interest on each note was 18%, payable annually, with principal due in ten years. Plaintiff raised the loan money by mortgaging several of her real estate contracts. Defendant apparently used the money to finance operations of Barr Development. During the term of the second marriage, no interest payments were made by defendant on the promissory notes.

In August 1978, when the construction of the additions to the Petersen home were substantially completed, plaintiff signed an agreement with Barr Development, wherein Barr Development agreed to construct an addition to her home totalling approximately 1,800 square feet. According to the terms of the agreement, plaintiff was to pay Barr Development $65,000 for construction of the addition.

In 1981, plaintiff again filed for divorce. Unable to resolve certain property disputes, the case went to trial. On appeal, the major issue before this Court concerns the parties' obligations under the two agreements, i.e., the promissory notes and the construction agreement.

The trial court in a divorce action has substantial discretion in adjusting the financial and property interests of the parties.[1] This Court will overturn the trial court's actions only when the evidence clearly preponderates to the contrary or where the trial court has clearly abused its discretion or misapplied principles of law.[2]

At trial, the judge made the following findings pertinent to the instant appeal.

The court found that the prenuptial agreement signed by the parties was intended to be given full force and effect and that the parties intended that each retain not only the assets brought into the marriage, but also any appreciation in those assets. The trial court found, however, that equity would entitle defendant to recover the value of the materials he contributed to the home additions, $30,938.66, and the excess amounts he had paid on plaintiff's contracts and house payments over and above the income generated, $11,730.54.

The trial court also found that the promissory notes executed in favor of plaintiff by defendant should have full force and effect and that plaintiff should be awarded judgment for interest past due on the notes, $54,357.31.

Next, the trial court found that there was no meeting of the minds between the parties regarding the agreement between Barr Development and plaintiff, that the parties did not intend to discharge defendant's obligations under the promissory notes through the agreement, and that no oral contract existed between the parties to this action regarding the construction of the additions to plaintiff's home.

Finally, the trial court ruled as a matter of law that the agreement between Barr Development and plaintiff was unenforceable between the parties to the divorce action.

On appeal, defendant argues that the construction of the additions to plaintiff's home was intended by the parties to be an accord and satisfaction of defendant's obligations on the promissory notes.

An accord and satisfaction arises when the parties to a contract agree that a certain performance offered in substitution of the performance originally agreed upon will discharge the obligation created under the original agreement.[3] The elements es-

---

1. *Argyle v. Argyle,* Utah, 688 P.2d 468, 470 (1984).

2. *Wiese v. Wiese,* Utah, 699 P.2d 700, 701 (1985). See also *Turner v. Turner,* Utah, 649 P.2d 6, 8 (1982).

3. *Golden Key Realty, Inc. v. Mantas,* Utah, 699 P.2d 730, 732 (1985); *Sugarhouse Fin. Co. v. Anderson,* Utah, 610 P.2d 1369, 1372 (1980).

eration.[4] The party alleging accord and satisfaction has the burden of proving every necessary element.[5]

In order for an accord and satisfaction to have effect, it must be clear that the parties intended an accord and satisfaction and what the extent and scope of their agreement was.[6] Further, where, as here, two claims based on different types of transactions are involved, settlement of one does not result in an accord and satisfaction of the other without a clear expression of the parties evidencing such an intent.[7]

In the instant case, the trial court specifically found that there had been no meeting of the minds between the parties regarding the agreement between Barr Development and plaintiff and that the parties did not agree that defendant's obligations under the promissory notes were discharged by reason of the obligation plaintiff incurred with Barr Development. Although obviously disputed, there was substantial evidence adduced at trial which would support the court's finding.[8]

Plaintiff testified at trial that the stated purpose of the agreement between her and Barr Development was for defendant to be able to show the $65,000 contract on Barr Development corporate books for tax purposes. She claimed that no mention was ever made of intending the agreement to affect defendant's liability on the promissory notes. Although defendant disputed this testimony, it is undisputed that the agreement did not evidence a shred of intent that it operate as an accord and satisfaction of defendant's obligations under the promissory notes. Thus, defendant failed to prove that he had made known to plaintiff an intent to consider plaintiff's agreement with Barr Development an accord and satisfaction of defendant's liability on the promissory notes.

Defendant next contends that even if no accord and satisfaction is found in this case, the trial court should have offset the principal of the promissory notes by the full value of the construction agreement.

In the findings of fact and conclusions of law, the trial court specifically ruled as a conclusion of law that the agreement between Barr Development and plaintiff was unenforceable between the parties to the divorce action. The trial judge reasoned that if there was any cause of action on the agreement, it would be by Barr Development against plaintiff, not by defendant, as an individual, against plaintiff. Since Barr Development was not a party to the divorce action, the trial court could not extinguish a claim that the corporation had against plaintiff where defendant and the corporation were not one and the same.

This reasoning is persuasive. First of all, defendant is clearly not the sole or even the majority stockholder of Barr Development. Testimony at trial indicated that there were 210 outstanding shares of stock in Barr Development. Of those, Clarence Williams owned 99, John Poulsen owned 8, and Joe Williams owned 1, for a total of 108, making defendant a minority shareholder. Further, in defendant's answers to plaintiff's interrogatories, defendant stated that he was a minority shareholder in Barr Development and could not provide information on Barr Development without approval of Barr Development's board of directors. Barr Development's articles of incorporation list three directors, of whom defendant is one. Thus, by de-

---

**4.** *Golden Key,* 699 P.2d at 732; *Sugarhouse,* 610 P.2d at 1372; *Ralph A. Badger & Co. v. Fidelity Bldg. & Loan Ass'n,* 94 Utah 97, 112, 75 P.2d 669, 676 (1938).

**5.** *United Am. Life Ins. Co. v. Zions First Nat'l Bank,* Utah, 641 P.2d 158, 160 (1982); *Messick v. PHD Trucking Serv., Inc.,* Utah, 615 P.2d 1276, 1277 (1980).

**6.** *Messick.* 615 P.2d at 1277.

**7.** *Messick,* 615 P.2d at 1277–78.

**8.** We look at the evidence in the light most favorable to the trial court's findings. *United,* 641 P.2d at 160 n. 9.

fendant's own admission, Barr Development was not the alter ego of defendant. Therefore, a claim against plaintiff on the agreement between her and Barr Development could not be extinguished by defendant as an individual in a domestic relations context.

Defendant also argues that the trial court should have adjudicated defendant's claim on the agreement because it was brought as a counterclaim. This argument has no merit. First of all, there is no counterclaim by Barr Development against plaintiff. As discussed above, to enforce an action on a contract, the action must be brought by one of the parties to the contract or a party in interest. Second, the agreement between plaintiff and Barr Development is not raised in defendant's counterclaim. The counterclaim asks only for dismissal of plaintiff's complaint, for judgment divorcing plaintiff and defendant, for custody of the remaining child, and for any relief the court deemed just.

Defendant next argues that the trial court erred by reaching a decision before all of the evidence was in. This contention is also without merit and seriously misrepresents the actions of the trial judge. After a day and one-half of testimony, including extensive testimony by defendant, the trial court, addressing the issue of the plaintiff-Barr Development agreement said:

I think that the ruling in this case is going to be very simple unless I hear something that I haven't already heard.... [W]hat we have here is a $65,000 note on these additions that we're discussing now to Barr Development, Incorporation, a Utah corporation, of which this gentleman is, at best, a majority stockholder.

Now, I don't see any way in this case that I can rule that this gentleman should be forgiven these promissory notes because his company happens to possess a note from her. If this note—if there's a cause of action on this note, it's by Barr Development Corporation against her. Now, it's as simple as that.

So, if what we're spending time on here is attempting to show that he ought

to be somehow forgiven from these promissory notes that he made to her because of this development, then what I'm saying is, we're wasting our time, we're spinning our wheels, unless you can show me some legal argument otherwise, you and your client have spent a good deal of time trying to convince me that Barr Development Corporation and this gentleman are not one and the same, and I'm convinced; but that is indeed the case, then this gentleman is not going to get any set-off merely because his company happens to have a note for $65,000, and his company is going to have to sue her to get that money and that's not involved in this domestic relation proceeding.

The trial judge was clearly, as was his right, expressing his concern as to the dearth of evidence supportive of defendant's position on the instant point. The trial court did not thereafter foreclose defendant from proceeding with further testimony and evidence to attempt to convince the judge of the merit of defendant's position. As the record shows, the evidence presented by defendant at trial, both before and after the above remarks by the judge, does not support defendant's contention that he was the alter ego of Barr Development and thus could extinguish claims on Barr Development's behalf in a personal action.

Defendant's final point on appeal is that the trial court should have awarded prejudgment interest to defendant on the judgment for the value of materials defendant expended on plaintiff's house and for payments defendant made in managing plaintiff's real estate contracts in excess of what defendant collected from those contracts. Defendant asserts that it is inequitable not to award him prejudgment interest since prejudgment interest was awarded to plaintiff on the promissory notes.

■ While there was no written contract between the parties regarding the house additions or the management of the real estate contracts, it is inequitable under the facts of this case not to award interest on

the sums expended by defendant. He was awarded nothing for his services. The value of the house appreciated considerably because of the improvements and favorable market conditions. Defendant was contractually obligated to pay interest of 18% on the funds he borrowed from plaintiff, and the court properly ordered him to comply. However, defendant should not be deprived of all interest simply because of the lack of foresight in insisting upon a formal written contract with his wife. Equity must supply balance to the dealings between them. This is not a case where the trial court might have properly declined to award interest because it would upset the equality of the property division made. Indeed, because of the prenuptial agreement, there was little marital property to divide. The house with its additions and its appreciated value all went to plaintiff.

The judgment of the trial court is affirmed in part and reversed in part, and the case is remanded for entry of judgment consistent with this opinion. No costs awarded.

STEWART, HOWE and ZIMMERMAN, J., and RIGTRUP, District Judge, concur.

DURHAM, J., having disqualified herself, does not participate herein; RIGTRUP, District Judge, sat.