# No. 16,892.

## MORLAN ET AL. *v.* DURLAND TRUST COMPANY.
### (252 P. [2d] 98)

Decided December 26, 1952.

6

Messrs. SANDHOUSE & SANDHOUSE, for plaintiffs in error.

Messrs. FOWLER & NICOLS, for defendant in error.

*En Banc.*

MR. JUSTICE CLARK delivered the opinion of the court.

THE Durland Trust Company, a Nebraska corporation, as plaintiff, and so designated herein, instituted an action in the district court of Logan county against E. P. Morlan and Elsie M. Morlan, his wife, to whom we will refer herein as defendants, or by name, seeking reformation of a deed whereby plaintiff, as grantor, conveyed to E. P. Morlan certain pasture lands situated in Logan county, Colorado, and for consistent relief in event reformation

should be granted. To review a summary judgment favorable to plaintiff, defendants bring the case here by writ of error.

Plaintiff's complaint was filed July 5, 1951, and therein it is recited and alleged that the deed sought to be reformed was dated April 6, 1948, and that as a result either of mutual mistake of the parties thereto, or of plaintiff's mistake, and knowledge of such mistake upon the part of defendant E. P. Morlan, there was omitted from said deed a reservation by grantor of all of the oil, gas and minerals upon, in or under the lands so conveyed and which, at the time of the execution of said deed, it was intended by both the grantor and grantee should be reserved unto the grantor as evidenced by correspondence between said parties, and an agreement of sale and purchase, dated March 3, 1948, a copy of which, marked Exhibit A, was attached to the complaint. Plaintiff further alleged that under date of January 1, 1950, defendants jointly executed an oil and gas lease covering said premises, together with other lands, receiving an unknown consideration as a bonus for the granting of said lease and that they were to receive on account thereof an annual rental of $640. It then is charged that, upon demand of plaintiff, defendants had refused to modify said deed or to assign to plaintiff the oil and gas lease to which reference is hereinabove made, or to pay to plaintiff any part of the bonus or rentals derived pursuant to said lease. The prayer of the complaint conforms to the allegations thereof, and to the demand alleged to have been made by plaintiff upon defendants.

Defendants' first appearance in the action was by counsel on their behalf filing a motion for a more definite statement or bill of particulars. Counsel for defendants had also served interrogatories upon plaintiff's counsel pursuant to Rule 33, R.C.P. Colo., the answers to which, made by L. B. Nicola, president of plaintiff corporation, were filed on August 3, 1951, as a bill of particulars, and thereto were attached, as part thereof, copies of the

entire correspondence concerning the sale and purchase of the lands involved herein. Defendants did not answer, but on August 7th their counsel filed in said cause motion for summary judgment, reciting that they "respectfully show to the Court that the pleadings on file in the above entitled action show that there is no genuine issue as to any material fact and that the defendants herein are entitled to the judgment, as a matter of law." This motion was followed on August 18 by similar motion on behalf of plaintiff in which it "respectfully shows to the Court that the pleadings on file in the above entitled action show that except as to the amount of damages there is no genuine issue as to any material fact and that the plaintiff is entitled to a judgment as a matter of law." Such was the state of the record at the time when both said motions for summary judgment were presented and argued before the trial court. We have gone into detail with respect thereto for the reason that it is necessary to portray the exact status of the pleadings and proceedings that one may fully understand the problem with which the trial judge was, and we now are, confronted.

It is apparent that the trial judge was persuaded that where, as here, both parties to a controversy move for summary judgment, it is incumbent upon the court to finally determine the issues upon the record as then made. In ruling on these motions he stated that "it appears clear that the Court has not only the right but the obligation to pass upon the matter presented on the pleadings." This the trial court proceeded to do, although with some evident reluctance as indicated by another passage which we quote from the ruling: "The Court would feel better informed if he had the benefit of hearing the evidence of both parties to this transaction; but under the situation presented, the Court must rule on the facts as submitted." Acting upon this assumption, the trial court denied defendants' motion, granted plain-

tiff's, and entered final judgment against defendants in conformity with the prayer of plaintiff's complaint.

Defendants, as plaintiffs in error here, by counsel, present in their specification of points seven grounds upon which they rely for reversal of the judgment. The first three points go to the substantive issues on the merits; by the fourth, they question the right of the court to determine equitable issues upon motion for summary judgment; by the fifth they charge error "in holding that in case both parties make motions for summary judgment, the Court is required to rule that no fact issue exists;" in the sixth they allege that the "Court erred in holding that where both parties make motions for summary judgment, the Court must determine the controversy for one movant or the other;" and, in the seventh, that the "judgment of the Court is erroneous in not being based upon evidence."

The fifth, sixth and seventh points of the specification all go to the general proposition that the trial court, under the circumstances, erred in granting summary judgment favorable to plaintiff. We are convinced that merit attends this contention, and we will discuss this phase of the case only, lest we fall into the same error as did the trial court should we undertake to determine the primary issues of the controversy before the facts are fully before us.

██ It is to be observed that up until the time judgment was summarily entered upon plaintiff's motion, defendants had filed only two motions in the case; one for bill of particulars and one for summary judgment. They had filed no answer or other pleadings, nor had they submitted to giving any deposition or presented any affidavit. They had entered no denial, and had made no admissions of any of the allegations plaintiff had set out in presenting its claim against them. It is the law, that when defendants filed their motion for summary judgment they admitted thereby all facts properly pleaded by plaintiff, and as appeared in the record at that

time, but such admissions imputed by law are confined to consideration of such motion only and within the limits of movants' theory of the law of the case. "Under our rule 56, following the federal practice, summary judgment is a drastic remedy and is never warranted except on clear showing that there is no genuine issue as to any material fact. * * * To authorize the granting of summary judgment, the complete absence of any genuine issue of fact must be apparent, and all doubts thereon must be resolved against the moving party." *Hatfield v. Barnes*, 115 Colo. 30, 33, 168 P. (2d) 552, 553.

To warrant the granting of summary judgment, the situation must be such that no material factual issue remains in the case. The intent and purpose of the rule is that, where the facts are undisputed, or so certain as not to be subject to dispute, the court is in position to determine the issue strictly as a matter of law. It is properly to be exercised only where the facts are clear and undisputed, leaving as the sole duty of the court the determination of the correct legal principles applicable thereto. *Parrish v. De Remer*, 117 Colo. 256, 273, 274, 187 P. (2d) 597, 606; *Smith v. Mills*, 123 Colo. 11, 15, 225 P. (2d) 483, 485; see, also, *Flanders v. Kochenberger*, 118 Colo. 104, 111, 112, 193 Pac. 281, 285; *Tamblyn v. City and County of Denver*, 118 Colo. 191, 193, 194, 194 P. (2d) 299, 300. "In passing upon a motion for summary judgment, it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried." citing cases. *Michel v. Meier*, 8 Fed. Rules Dec. 464, 471. And, "A motion for summary judgment should be denied if under the evidence reasonable men might reach different conclusions." Id., page 472.

In the case at bar, had it not been for the filing of the answers by the president of plaintiff corporation to defendants' interrogatories as a bill of particulars, defendants' motion should properly have been considered as a motion for judgment on the pleadings. Counsel for defendants did not thereby admit generally the verity of

plaintiff's allegations, nor the statements of its officers or attorneys; nor did they otherwise concede the correctness thereof nor confess inability to contest their accuracy; and the court did not so find. Had defendants' counsel so stated, and the court found, that the record contained all of the facts capable of production, then judgment might properly have been entered, but in that case it would actually be a judgment on the merits and not strictly a summary judgment, even though summarily entered. An examination of this record, however, discloses disputed factual issues within itself. These the court was obliged to resolve before it could enter judgment favorable to plaintiff on its motion. Definitely the court determined in its findings the omission of the oil and mineral reservation from the deed was due to mistake; that by reason of this mistake both parties had done "what neither intended should be done" (consummate the sale without the reservation); that the deed should have contained the reservation stipulated in the sale contract and been in conformity therewith; that neither at the time of the execution of the contract nor of the deed "did defendant intend to purchase, or did plaintiff intend to sell, other than the surface rights and the improvements"; and that the oil and mineral rights were no part of such sale.

It will be observed, that here, the trial court was dealing with the question of *intent;* always difficult, and, unless confessed, usually an issue of fact. *Hatfield v. Barnes, supra.* Even from the record as made, and without the taking of evidence, the intention of the parties at and during negotiations for the sale and purchase of this land is uncertain and subject to argument. The trial judge seems to have taken the view that the reservation, as it appears in the contract, truly expressed the intent of the parties and should have been carried into the deed. In this view he may be right or he could as easily be wrong because, from the correspondence considered in conjunction with the contract, this issue is difficult

of determination. It is apparent that at that time neither party regarded the oil rights of any great value. Plaintiff, at one stage of negotiations, offered to sell for $3,000, reserving one-half of the oil rights. Defendant E. P. Morlan countered with an offer of $2500, the plaintiff to keep all the oil right. Then came the proposal to sell for $2750, plaintiff to reserve all the oil. The contract was prepared accordingly, and as of that date (March 3, 1948), and said defendant refused to sign it and returned it unsigned. Subsequently defendants' counsel renewed the offer of their clients to pay $2750 upon delivery of conveyance "free and clear of reservations and encumbrances." Later the contract, evidently in its original form, was signed. Then the deed, prepared and executed by plaintiff, was later delivered without reservation, and, lastly, three years thereafter, there was a demand for reformation. Under such circumstances what was the intention of the parties? Certainly this presents a question of fact, and a difficult one. To paraphrase, we might say that: "If the terms of the deed differed from the terms of the executory contract, the presumption is that the latter was modified by mutual consent [and the preparation, execution and delivery thereof, together with delivery of possession of the land, all without objection for approximately three years] tends strongly to strengthen that presumption." *Percifield v. Rosa,* 122 Colo. 167, 176, 177, 220 P. (2d) 546, 550. We cite this case only to emphasize the gravity of the situation before the court when it was wrestling with the problem of whether it should enter summary judgment. Certainly this is not a situation where resort should be had to such procedure, and it was an imposition upon the court to demand it.

█ Where both parties to a legal action file motions for summary judgment, is the court restricted against denying both motions and requiring the production of additional evidence, or is it obligated under the rules to grant one or the other of the motions and enter judgment accordingly? The answer is no. If, upon considering the

then state of the record, it should appear, or be the opinion of the court, that there remained in the case for determination factual issues upon which there might or could be produced further evidence, or upon which the evidence is incomplete, it is the duty of the court to deny both motions and require the parties to proceed regularly to trial on the merits. Each of such motions is to be considered and ruled upon separately, without regard to whether similar motion has been filed by other parties.

▪ The fact that each side in moving for summary judgment in his or its favor, respectively, assert "that there is no genuine issue as to any material fact" does not necessarily make it so, and does not bar the court from determining otherwise. "It does not follow that, merely because each side moves for a summary judgment, there is no issue of material fact. For, although a defendant may, on his own motion, assert that, accepting his legal theory, the facts are undisputed, he may be able and should always be allowed to show that, if plaintiff's legal theory be adopted, a genuine dispute as to a material fact exists." *Walling v. Richmond Screw Anchor Co.,* 154 F. (2d) 780, 784 (1946); cited with approval (1947) in *Garrett Biblical Institute v. American University,* 163 F. (2d) 265, 266.

▪ Defendants' counsel upon filing their motion for summary judgment in this case, in effect asserted that there was no genuine issue of material fact because, by admitting the truth of all material facts well pleaded, including the contract Exhibit A, and all of the correspondence between plaintiff and E. P. Morlan prior to execution and delivery of the deed, the plaintiff was not entitled to judgment under defendants' legal theory of the case that all prior negotiations and transactions between the parties were merged in the deed, that any variation between the deed and previous negotiations are presumed to have been mutually agreed upon, and that the pleadings were not so framed as to permit plaintiff to produce that degree of proof required by law to jus-

14

tify reformation on account of mistake. This legal presumption of admission of fact, however, is not general but extends only to consideration of the defendants' pending motion. It may not be applied in connection with plaintiff's similar motion. "The fact that both parties make motions for summary judgment, and each contends in support of his respective motion that no genuine issue of fact exists, does not require the Court to rule that no fact issue exists. Each, in support of his own motion, may be willing to concede certain contentions of his opponent, which concession, however, is only for the purpose of the pending motion. If the motion is overruled, the concession is no longer effective. Appellants' concession that no genuine issue of fact existed was made in support of its own motion for summary judgment. We do not think that the concession continues over into the Court's separate consideration of appellee's motion for summary judgment in his behalf after appellants' motion was overruled." *Begnaud v. White,* 170 F. (2d) 323, 327 (1948).

It is manifest that when defendants' motion for summary judgment was overruled, their admission of facts under their legal theory terminated, and it was error for the trial court to give any consideration thereto in connection with his determination of plaintiff's motion. This leaves plaintiff's motion for summary judgment completely unsupported by anything except such as it had itself placed in the record, and which definitely discloses uncertainty of fact and disputable issues for trial.

The judgment of the trial court, therefore, is reversed and the cause remanded with direction to vacate the judgment in favor of plaintiff; enter a rule requiring defendants to answer; and proceed thereafter in due course and in such manner as may seem advisable.