No. 18,934.

DOROTHY LUTZ *v.* SOPHIE MILLER, ET AL.

(356 P. [2d] 242)

Decided October 31, 1960

Messrs. YEGGE, BATES, HALL & SHULENBERG, Mr. RAY-MOND J. CONNELL, for plaintiff in error.

Messrs. CREAMER & CREAMER, for defendant in error Sophie Miller Sheftel.

Mr. Louis G. Isaacson, Mr. John S. Pfeiffer, for defendants in error Richard I. Kaye, Sidney R. Langsam and Chevron Furs, Inc.

*In Department.*

Opinion by Mr. Justice Hall.

The parties are here in the same order they appeared in the trial court. We refer to them by name or as plaintiff and defendants.

Plaintiff sought to recover from defendants $4,500.00 as the value of a mink coat. In her complaint she alleged that on April 30, 1955, she delivered to the defendant Sophie Miller, d/b/a Miller Furs, a mink coat:

"* * * for the purpose of storing the same during the summer months, for which the plaintiff was charged for the storage of the said coat and was given a receipt for the same * * * signed by * * * Sophie Miller, d/b/a Miller Furs, a photostate [photostatic] copy of which is attached hereto [and marked Ex. A], and * * * made a part hereof * * *."

She further alleged that the defendant Sophie Miller, prior to November 5, 1955, had sold and delivered the business of Miller Furs to the defendants Kaye, Langsam and Chevron Furs, Inc., who she alleges assumed the "bailment obligation that existed between the plaintiff and defendant Sophie Miller." She also alleged that on November 5, 1955, she made demand on all defendants for return of the coat and that defendants all refused and neglected to comply therewith.

Sophie Miller answered admitting receipt of the coat and issuance of the receipt therefor (Ex. A.). She neither admitted nor denied that demand had been made on her for the coat and her refusal and neglect to deliver the same.

For a second defense she alleged that (1) the coat was delivered for storage pursuant to the terms of the

receipt; (2) that at the time of delivery of the coat plaintiff was required to declare the value of the coat; (3) that the plaintiff refused to declare the value of the coat; (4) that plaintiff stated that the coat was covered by insurance. These new matters "shall be taken as denied or avoided" under R. C. P., 8(d). Her answer further alleged that:

"* * * the complaint herein fails to state a claim upon which relief can be granted."

For a cross-claim, Miller sets forth that the defendants Kaye, Langsam and Chevron Furs, Inc., acquired all of the business of Miller Furs and assumed all liabilities under storage contract entered into by Miller Furs, and that if plaintiff's coat was lost those defendants and not Miller Furs lost it, and if Miller should be held answerable to plaintiff for the coat, the defendants Kaye, Langsam and Chevron Furs, Inc., are answerable over to Miller for anything she may have to pay.

Kaye, Langsam and Chevron Furs, Inc., by answer, admitted that Chevron Furs, Inc., purchased from Miller certain assets theretofore used in the business of Miller Furs, admitted that they never returned any coat to plaintiff, and denied that they assumed any contractual or other obligations of Miller. Kaye and Langsam set up a further defense that they as individuals bought nothing from Miller, assumed no obligations and had nothing to do with the transaction.

They set up as a further defense:

"That the complaint fails to state a claim upon which relief can be granted against these defendants, or any of them."

Thereafter Miller filed her motion for a summary judgment of dismissal of plaintiff's complaint.

Defendants Kaye, Langsam and Chevron Furs, Inc., also moved for a summary judgment of dismissal. This motion was supported by the affidavit of Kaye and Langsam to the effect that they are officers of Chevron Furs, Inc., which corporation did receive from Miller

Furs a bill of sale for certain assets, including accounts receivable of the business of Miller Furs; that Kaye and Langsam neither bought nor received anything, and that neither they nor Chevron Furs, Inc., assumed any of the liabilities of Miller Furs.

Both motions for summary judgment were sustained and a judgment of dismissal with prejudice was entered.

Plaintiff is here by writ of error seeking reversal.

Taking up first the correctness of entering summary judgment in favor of Miller, we conclude that the court was in error in entering such judgment. It is not necessary to pass on the legal effect of the receipt. The plaintiff's complaint alleges a bailment for hire and attached to the complaint is a copy of the receipt to show the delivery of the coat and payment of a storage charge. Plaintiff does not base her claim on the receipt, does not allege that it is the contract determining the rights and liabilities of the parties — the only allegation in the complaint with reference to the receipt is:

"* * * plaintiff * * * was given a receipt for the same * * * signed * * * by Sophie Miller * * * copy of which is attached * * *."

There is nothing in the complaint to indicate that plaintiff ever agreed to the terms of the receipt — it was not signed by plaintiff. So far as the complaint is concerned the receipt is attached only in support of the allegation of delivery and payment of charges.

The motion for summary judgment has no more merit than defendants' contention that the complaint does not state a claim upon which relief can be granted. The complaint alleges a bailment for hire and failure of defendant Miller to perform its duty as bailee. The receipt is not necessary to the statement of a claim, and may be treated as surplusage.

Defendants Kaye, Langsam and Chevron Furs, Inc., in support of their motion for summary judgment, filed the affidavit of defendants Kaye and Langsam. The matters set forth in the affidavit constitute a denial

of several allegations of plaintiff's complaint; they deny that they individually (1) purchased or received anything from Miller; (2) deny that they assumed any liabilities; (3) deny that Chevron Furs, Inc., assumed any liabilities of Miller. Such denials do no more than form issues with the allegations of plaintiff's complaint upon which plaintiff predicates her right to recover the value of her lost coat.

We have repeatedly held that summary judgments shall be granted only where there is no issue of fact to be determined. The pleadings raise several issues of fact. We mention two as typical: (1) Plaintiff alleges that she delivered the coat *for storage and that she was charged for the storage;* Miller denies these allegations. (2) Plaintiff in paragraph 3 alleges that Kaye, Langsam and Chevron Furs, Inc., assumed the bailment liability of Miller. These defendants, in paragraph 3 of their answer, state:

"3. These defendants deny each and every allegation contained in paragraph 3 of said complaint."

Clearly the pleadings raise issues of material facts, thus precluding the entry of summary judgments. *Morlan v. Durland Trust Co.,* 127 Colo. 5, 252 P. (2d) 98; *Hatfield, et al. v. Barnes, et al.,* 115 Colo. 30, 168 P. (2d) 552.

Motions to dismiss for failure to state a claim are proper to determine the sufficiency of a complaint. None were filed, though they were included as a part of the answers. As has been shown, the complaint is not vulnerable to attack upon such ground.

The judgments are reversed and the cause remanded with directions to permit the parties to amend their pleadings as they may be advised and to proceed to disposition of the matter consistent with the views herein expressed.

Mr. Chief Justice Sutton and Mr. Justice Frantz concur.