No. 21350.

LEE ROY COSPER AND JANE HYDE COSPER *v.* ROBERT V. HANCOCK AND IVAN HANCOCK.
(430 P.2d 80)

Decided July 17, 1967.

DILTS and HANCOCK, GEORGE R. BUCK, JR., ROBERT R. WILSON, for plaintiffs in error.

MARVIN PING, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THIS case arises out of a dispute concerning a purported contract for the sale of uranium mining claims

in McKinley County, New Mexico. The plaintiffs in error will be referred to as the Cospers, and the defendants in error will be referred to as the Hancocks.

The Cospers are the owners of the mining claims which are the subject of this dispute. In the early months of 1962, the Hancocks contacted the Cospers with regard to a possible purchase of these claims. The parties reached a tentative agreement and this ultimately resulted in the drafting of a written contract for the sale of the claims to the Hancocks. This contract, admittedly, was signed by all four parties. Before the executed contract could be delivered to the escrow agent, the Hancocks repudiated the contract and refused to make any of the payments required by the contract.

The Hancocks claim that all the parties orally agreed, prior to the signing of the contract, that the contract was not to become binding unless and until the Hancocks satisfied themselves that sufficient ore could be sold from the property to make mining operations economically feasible. The Hancocks claim that they discovered that the existing Atomic Energy Commission (A.E.C.) allocation covering the property was not sufficient to make an economical mining operation possible, and that they then immediately repudiated the contract. (The A.E.C. allocation sets a maximum limit as to the tonnage of uranium that may be sold from a specific mining property within a certain time. Without the allocation, the uranium may not be sold at all.) The Cospers deny that any such oral agreement ever was made prior to the signing; they claim that the written contract contains the entire agreement of the parties.

A trial was had to a jury which returned a verdict for the Hancocks. The Cospers have brought a writ of error directed to the judgment entered on that verdict.

The Cospers raise two alleged errors:

(1) That the trial court erred in admitting parol evidence with respect to the alleged agreement.

(2) That the trial court erred in allowing the jury to

construe the contract instead of holding that the construction of the contract was a function solely for the court.

The trial court admitted, over strenuous and repeated objections, parol evidence to the effect that the parties had orally agreed that the contract was not to be binding until the Hancocks had satisfied themselves that the A.E.C. allocation was sufficient to permit economical mining operations. The Cospers claim that the admission of this testimony was a violation of, the parol evidence rule. We do not agree.

The Hancocks were claiming that there was an oral condition precedent to the contract coming into existence at all. It is now well-settled law that parol evidence may, under such circumstances, be introduced to show that the instrument was not to become a binding obligation until an agreed upon condition occurred. Parol evidence to vary the terms of an agreement in writing is, of course, inadmissible, but parol evidence to show that no agreement, in fact, existed at all is admissible. *E.g.*, *Witherspoon v. Pusch*, 141 Colo. 525, 349 P.2d 137; *McGuire v. Luckenbach*, 131 Colo. 333, 281 P.2d 997; *Burenheide v. Wall*, 131 Colo. 371, 281 P.2d 1000; *Hurlburt v. Dusenbery*, 26 Colo. 240, 57 P.860; *Bourke v. Van Keuren*, 20 Colo. 95, 36 P. 882; *Burke v. Dulaney*, 153 U.S. 228, 14 S.Ct. 816, 38 L.Ed. 698; *Pym v. Campbell*, 6 El. & Bl. 370, 119 Eng. Rep. 903 (Q.B. 1856); 2 Jones, *Evidence*, § 507 (5th ed., 1958); 3 Corbin, *Contracts*, §§ 577, 589 (Rev. ed., 1960). The trial court correctly held that parol evidence was admissible to prove the existence of the alleged condition precedent.

It is also clear that the trial court did not leave for the jury's consideration the construction of the contract, but only whether, in fact, there was a contract in existence at all. The question whether the parties did or did not agree to the alleged condition precedent was a hotly contested issue of fact which was properly left to the jury as the trier of the facts. The

jury determined the issues in favor of the Hancocks, and there was ample evidence to support the verdict.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON, and MR. JUSTICE HODGES concur.