587 P.2d 799 (1978)
Philip N. WRIGHT and Marvin Spector, Trustee for and on behalf of The Joan T. Wright Trust, Plaintiffs-Appellants,
v.
BAYLY CORP., a Delaware Corporation, Defendant-Appellee.
No. 77-830.
Colorado Court of Appeals, Div. II.
September 14, 1978.
Rehearing Denied October 12, 1978.
*800 Hoffman, McDermott & Hoffman, Gerald P. McDermott, Denver, for plaintiffs-appellants.
Ireland, Stapleton, Pryor & Holmes, P. C., Kenneth L. Starr, Ann Livedalen, Denver, for defendant-appellee.
KELLY, Judge.
The plaintiffs, who are owners of unregistered stock in the defendant corporation, appeal the trial court's entry of summary judgment for the defendant. The trial court ruled that the defendant had no duty to approve the transfer of the plaintiffs' stock prior to its sale, or, alternatively, that if there was such a duty, it was not breached in this case. We conclude that this case was erroneously disposed of on the motion for summary judgment, and reverse for a trial.
Philip and Joan Wright acquired their stock in the defendant corporation in 1969. The shares of stock were not registered with the Securities and Exchange Commission and bore the following restriction:
"The shares represented by this certificate have not been registered under the Securities Act of 1933. The shares have been acquired for investment and may not be offered, sold or otherwise transferred in the absence of an effective registration statement for the shares under the Securities Act of 1933 or a prior opinion of counsel, satisfactory to the issuer, that registration is not required under the Act." (emphasis supplied).
In 1972, the plaintiffs wanted to sell their Bayly Corp. stock. They were informed by the corporation's attorney that the stock could be sold pursuant to Securities and Exchange Commission Rule 144. That rule, 17 C.F.R. § 230.144, allows unregistered securities to be sold if: there is adequate public information concerning the issuer; the amount sold is not over 1% of the outstanding shares in the issuing company; the sale is made in an ordinary broker's transaction; the SEC is notified of the sale; and the seller has held the stock for longer than two years.
The plaintiffs sent to the corporation the opinion of an attorney that the sale would comply with Rule 144. They also obtained a broker's assurance letter, and completed the Rule 144 forms. However, the corporation *801 did not notify the plaintiffs that the sale of their stock would be approved, and the plaintiffs' stock was not sold, nor was it presented to the corporation's transfer agent.
The plaintiffs commenced this action seeking the difference between the price of the stock at the time they sought approval of the sale and price of stock at the time the action was commenced. The plaintiffs claimed that Bayly breached either a fiduciary duty or the duty to use reasonable care when it failed to give plaintiffs presale approval for the transfer of their unregistered shares.
The court erred in ruling that the defendant owed no duty to the plaintiffs. As a trustee for its stockholders, the corporation is bound to protect their interests, and occupies a fiduciary relationship with them. See Holly Sugar Corp. v. Wilson, 101 Colo. 511, 75 P.2d 149 (1937); Supply Ditch Co. v. Elliott, 10 Colo. 327, 15 P. 691 (1887). The directors of a corporation and its controlling stockholders also owe fiduciary duties to the remaining stockholders. See Security National Bank v. Peter, Writer & Christensen, Inc., Colo.App., 569 P.2d 875 (1977). One who stands in a fiduciary relationship to another is under a duty to act for the benefit of the other in matters within the scope of the relationship and may not profit at the expense of the other. Restatement (Second) of Trusts § 2, Comment b. The fiduciary duties owed by a corporation to its stockholders include the duty to deal with them in good faith.
In opposition to defendant's motion, plaintiffs submitted an affidavit from their stockbroker which stated that the usual, customary, and accepted practice in the industry with respect to the sale of restricted stock is that such stock will not be offered for sale by a broker unless the issuing company informs the broker that the sale will be approved by the company. The plaintiffs also presented the affidavit of Canton O'Donnell, the former president of defendant corporation, in which he swears:
"That certain shareholders, officers and directors with controlling interest of Bayly Corporation did not want the 6000 shares of Bayly Corp. stock owned by Philip N. Wright, Jr., and The Joan T. Wright Trust to be available for sale on the market prior to the public offering which was made on May 10, 1972." (emphasis supplied)
The defendant, on the other hand, asserts that it did not approve the prospective sale of the plaintiffs' stock because the plaintiffs did not comply with Rule 144.
Summary judgment is a drastic remedy which should be granted only if the moving party meets its burden of establishing that no genuine issue of material fact exists. Ginter v. Palmer & Co., Colo., 585 P.2d 583 (1978); Morlan v. Durland Trust Co., 127 Colo. 5, 252 P.2d 98 (1952). It is designed to save the time and expense of trial when, as a matter of law, the undisputed facts reveal that one party could not prevail. Abrahamsen v. Mountain States Telephone & Telegraph Corp., 177 Colo. 422, 494 P.2d 1287 (1972); Terrell v. Walter E. Heller & Co., 165 Colo. 463, 439 P.2d 989 (1968). This is not such a case.
Whether there was a breach of corporate fiduciary duties owed to the plaintiffs under the particular circumstances of this case was a question for the trier of fact and should not have been determined by the court as a matter of law. See Richardson v. Pioneer Construction Co., 164 Colo. 270, 434 P.2d 403 (1967); Whitley v. Anderson, 37 Colo.App. 486, 551 P.2d 1083 (1976). The question whether the defendant acted in good faith regarding the plaintiffs' request for approval of the sale of their stock was a material issue of fact precluding the entry of summary judgment.
The judgment is reversed and the cause is remanded for reinstatement of the complaint and for further proceedings.
ENOCH and STERNBERG, JJ., concur.