**Ben T. MATOBA and Miyori Matoba, Plaintiffs-Appellants,**

v.

**BLACKHAWK ENTERPRISES, a General Partnership, Richard H. Rossmiller, Bill L. Walters and William H. Wall, Jr., Defendants-Appellees.**

No. 83CA0879.

Colorado Court of Appeals, Div. II.

Decided Oct. 25, 1984.

Rehearing Denied Nov. 29, 1984.

Glicksman, Woodrow & Shaner, Daniel L. Woodrow, Denver, for plaintiffs-appellants.

Robinson, Waters, O'Dorisio & Rapson, P.C., Steven L. Waters, Amy J. Clark, Denver, for defendants-appellees Blackhawk Enterprises and William H. Wall, Jr.

John F. Cook, Aurora, for defendant-appellee Richard H. Rossmiller.

Seymour Joseph, Denver, for defendant-appellee Bill L. Walters.

BERMAN, Judge.

Plaintiffs, Ben T. and Miyori Matoba (landlords), appeal from an order granting defendant, Blackhawk Enterprises (tenant), partial summary judgment on the issue of tenant's liability for damages which occurred to landlords' property under a lease. We reverse.

Both parties stipulated to the following facts in their joint motion for summary judgment. On July 11, 1975, tenant conveyed to landlords certain property, subject to a deed of trust. On the same day, landlords and tenant entered into a lease agreement whereby tenant agreed to lease the subject property from the landlords for a period of five years commencing July 11, 1975. The lease contained a covenant requiring the tenant to return the premises in good order and repair, reasonable wear and tear excepted. Both landlords and tenant agree that at the expiration of the lease on July 11, 1980, the condition of the subject property was such that it did not comply with the lease covenant.

Prior to the termination of the lease, the promissory note secured by the deed of trust on the property was in default. Principal and interest payments were not made in May, June, July, August, and September of 1980. On September 17, 1980, an action was filed by the mortgagee, Wisconsin Life Insurance Company, seeking judicial foreclosure of the deed of trust.

In January 1981, landlords and tenant entered into a stipulation with the mortgagee in its foreclosure action whereby the parties agreed that the mortgagee, at the foreclosure sale, need only bid the amount due on the promissory note, plus costs, even though the total indebtedness was substantially less than the appraised value of the subject property. The mortgagee, in accordance with the agreement, was the successful bidder at the public foreclosure sale. Neither the landlords nor the tenant redeemed the subject property during the statutory period.

Landlords did not attempt to prevent the foreclosure by bringing the payments up to date. Nor did landlords expend any effort or money to maintain or repair the premises prior to or after the expiration of the lease on July 11, 1980. The stipulation of facts entered into by the parties, however, specifically excluded any finding of the landlords' ability to cure or to repair the subject property.

## I.

We agree with landlords' contention that the trial court erred in granting tenant's motion for summary judgment.

Summary judgment is a drastic remedy which should be granted only if the moving party meets its burden of establishing that no genuine issue of material fact exists. *Morlan v. Durland Trust Co.*, 127 Colo. 5, 252 P.2d 98 (1952); *Wright v. Bayly Corp.*, 41 Colo.App. 313, 587 P.2d 799 (1978). Moreover, landlords, by themselves moving for summary judgment in the trial court, are not thereby precluded from arguing on appeal that a genuine dispute as to a material fact exists as to tenant's motion for summary judgment. *Morlan, supra.*

The trial court, in granting tenant's motion for summary judgment, found that landlords had waived their right to claim damages under the lease by virtue of the fact that they had defaulted on the deed of trust, failed to redeem, and failed to relet or repair the subject property.

Although waiver is generally a question of fact, it becomes a question of law if, as here, the facts are uncontested. *Cordillera Corp. v. Heard*, 41 Colo.App. 537, 592 P.2d 12 (1978), *aff'd*, 200 Colo. 72, 612 P.2d 92 (1980). While both parties stipulated as to landlords' failure to repair the subject property or to cure the default, absent a showing of landlords' ability to repair or to cure the default, a waiver cannot be found. Here, the stipulated facts expressly reserved the question of ability. Therefore, we conclude that there are not sufficient facts in the record to establish waiver, and the trial court erred in finding a waiver to be present.

## II.

We also agree with landlords' second contention that the trial court erred in determining that tenant was not liable to landlords for damage done to the subject property.

The record and stipulated facts show that the lease contained a covenant requiring the tenant to return the premises in good repair; and tenant admits that, when returned, the premises were not in compliance with this requirement. Thus, tenant had breached the covenant and was liable for any damages not resulting from the act or neglect of landlords. *Eisenhart v. Ordean*, 3 Colo.App. 162, 32 P. 495 (1893).

However, tenant contends that there cannot be liability because the landlords did not suffer any damages. Under the facts of this case, we disagree.

Failure of the tenant to maintain the premises has resulted in liability to the landlord even in cases where the property was subsequently destroyed. *See Farrell Lines, Inc. v. New York*, 30 N.Y.2d 76, 330 N.Y.S.2d 358, 281 N.E.2d 162 (1972); *New York v. Penn. R.R. Co.*, 37 N.Y.2d 298, 372

N.Y.S.2d 56, 353 N.E.2d 361 (1975). In *Farrell, supra,* the tenant claimed that a contract for demolition of the premises resulted in a waiver of the covenant of good repair, arguing that repairs would be of no value and, hence, the landlord suffered no loss. The court rejected the tenant's argument, reasoning that it would be unfair to the lessor to find a waiver of his right to recover for repairs under those circumstances because the lessor may have charged a lower rent in return for the covenants or because the lessee's failure to repair may have reduced the market for the property. We are in accord with the reasoning of this case and, therefore, hold that tenant is liable to landlords for any damges suffered as a result of tenant's breach of the covenant of good repair.

The judgment granting tenant's motion for summary judgment is reversed, and the cause is remanded with directions to grant landlords' motion for summary judgment on the issue of liability, and for a determination of the amount of damages suffered by the landlords.

SMITH and VAN CISE, JJ., concur.