George M. POLEMI, Plaintiff–Appellant,

v.

L.G. WELLS, d/b/a Wells Holding Company, Defendant–Appellee.

No. 87CA0481.

Colorado Court of Appeals, Div. IV.

March 24, 1988.

Rehearing Denied April 28, 1988.

Certiorari Denied Aug. 22, 1988.

Alan R. Marsh, Golden, for plaintiff-appellant.

Lee G. Rallis, Denver, for defendant-appellee.

KELLY, Chief Judge.

The plaintiff, George M. Polemi, appeals the summary judgment entered in favor of defendant, L.G. Wells, d/b/a Wells Holding Company (Wells), denying Polemi's claim for specific performance of a preemptive right to purchase real property. We reverse.

In January 1981, Polemi entered into a ten-year lease for a store front space in a building owned by Wells. An addendum to the lease contains a preemptive right clause:

> "7. Lessor grants to Lessee ... a second option to purchase the entire building if and when it becomes available for sale."

Wells had previously granted a first preemptive right to R.E.S., Inc., a lessee of another space in the building.

In July 1986, Wells accepted a "Commercial Contract to Buy and Sell Real Property" from a third party, Alex and Rena Pappas. The Pappas contract was an offer to purchase the building for $350,000, subject to the existing leases and the first and second preemptive rights held by R.E.S. and Polemi, respectively. Wells hand-delivered a copy of the Pappas contract to Polemi and advised him he had ten days to exercise his right to purchase the building on the same terms and conditions, if R.E.S. declined to exercise its prior right. When R.E.S. declined, Polemi notified Wells by certified mail that he was exercising his preemptive right.

By this time, however, Mr. and Mrs. Pappas had raised their offer to $370,000. Polemi refused to match the higher bid or to relinquish his preemptive right. In October 1986, Wells advised Polemi of an additional Pappas contract, this one offering $400,000, and told Polemi he would have to match this new offer if he wished to purchase the building. Polemi refused and sued for specific performance, asserting he was entitled to purchase the building for $350,000 under the same terms and conditions as the original Pappas contract.

The trial court entered summary judgment dismissing Polemi's complaint and holding, as a matter of law, that the preemptive right clause "is so unclear, uncertain and ambiguous that it cannot be enforced as a valid option." Further, the court found that since neither the lease nor the addendum contained any terms limiting the running of the preemptive right, it violated the rule against perpetuities.

▪ At the outset, we note that, although the parties and the trial court have used the terms interchangeably, an option to purchase differs materially from a preemptive right. An option contained in a lease is an irrevocable offer to sell the leased premises to the lessee for a definite consideration. When it is exercised according to its terms, there is a binding contract to sell, and the owner cannot refuse to convey the property. On the other hand, a preemptive right does not give the lessee the power to require an unwilling owner to

sell. It merely requires the owner, if he should decide to sell, to offer the property first to the lessee for the price at which the owner is willing to sell to a third party. *See Atchison v. Englewood,* 170 Colo. 295, 463 P.2d 297 (1969); 51C C.J.S. *Landlord & Tenant* § 88(3) (1968). Here, we are dealing with a preemptive right.

## I.

Polemi asserts that the trial court erred in entering summary judgment because it failed to consider any extrinsic evidence to resolve the ambiguity it found to exist with regard to the preemptive right clause. We agree.

▪ Whether the terms of a written contract are ambiguous is a question of law. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.,* 633 P.2d 1081 (Colo.1981). However, once a contract is determined to contain an ambiguity, and the ambiguity cannot be resolved by reference to other contractual provisions, extrinsic evidence must be considered by the trial court in order to determine the mutual intent of the parties at the time of contracting. Such intent is an issue of fact to be determined in the same manner as other disputed factual issues. *Pepcol Manufacturing Co. v. Denver Union Corp.,* 687 P.2d 1310 (Colo. 1984); *Union Rural Electric Ass'n v. Public Utilities Commission,* 661 P.2d 247 (Colo.1983).

▪ Here, the trial court correctly concluded that the preemptive right clause is ambiguous as a matter of law. However, that conclusion raises issues of fact as to the meaning of the clause and the intent of the parties. Polemi alleged facts sufficient to withstand a motion for summary judgment showing the intent of the parties and that they understood their rights and obligations under the clause. *See Blecker v. Kofoed,* 672 P.2d 526 (Colo.1983); *Nahring v. Denver,* 174 Colo. 548, 484 P.2d 1235 (1971) (court may consider parties' practical construction of contract, as reflected by their conduct in its performance, to eliminate any ambiguity); *see also Morlan v.*

*Durland Trust Co.,* 127 Colo. 5, 252 P.2d 98 (1952).

## II.

■ Polemi also contends that the trial court erred in finding the preemptive right clause so uncertain as to render it unenforceable. We agree.

■ We are persuaded by the authorities Polemi cites for the proposition that an option, preemptive right, or right of first refusal clause is enforceable, under certain circumstances, notwithstanding the absence of specific terms regarding the price, method of acceptance, or time of acceptance. *See Brenner v. Duncan,* 318 Mich. 1, 27 N.W.2d 320 (1947); *Weintz v. Bumgarner,* 150 Mont. 306, 434 P.2d 712 (1967). We adopt the reasoning of these cases that the missing terms are "fixed" by the lessor's acceptance of a bona fide, third-party offer. If the lessee then exercises the option or preemptive right, it ripens into a mutually binding contract on the same terms and conditions as the bona fide offer.

## III.

■ Finally, we conclude, as a matter of law, that the preemptive right clause in this case does not violate the rule against perpetuities for the reasons stated in *Oliner v. Englewood,* 42 Colo.App. 106, 593 P.2d 977 (1979). Polemi's lease is for a term of ten years, renewable for an additional ten years. Of necessity, in the absence of some other specified term, Polemi's preemptive right terminates upon expiration of the lease.

The summary judgment entered against Polemi is reversed, and the cause is remanded for trial on the merits.

TURSI and METZGER, JJ., concur.