**Vernie HOUTCHENS and Rick Vette,**
**Plaintiffs–Appellants,**

v.

**UNITED BANK OF COLORADO**
**SPRINGS, N.A.,**
**Defendant–Appellee.**

**No. 89CA0612.**

Colorado Court of Appeals,
Div. III.

July 26, 1990.

Rehearing Denied Aug. 30, 1990.

Bowman & Samelson, P.C., Bill Bowman, Colorado Springs, for plaintiffs-appellants.

Holme Roberts & Owen, James T. Flynn, David S. Sherman, Jr., Colorado Springs, for defendant-appellee.

Opinion by Chief Judge STERNBERG.

The plaintiffs, Vernie Houtchens and Rick Vette, appeal from the summary judgments entered against them on their complaint against the United Bank of Colorado Springs which sought specific performance of a land purchase contract. We affirm.

After acquiring the subject property through a deed in lieu of foreclosure, the bank entered into an oral agreement with one Robert E. Haeger giving him a right of first refusal to purchase the property. By the terms of that right, Haeger could match the terms of any other bona fide offer received by the bank, which the bank was prepared to accept, within 72 hours after such other offer had been received and accepted by the bank. The bank then

signed an open listing contract for the property which specifically made reference to the right of first refusal.

Approximately two weeks later, a contract for purchase of the subject property was submitted to the bank on behalf of the plaintiffs. It was accepted by the bank. This contract specifically referenced the above described right of first refusal.

Within 72 hours, Haeger submitted a contract containing the same material terms as those in the plaintiffs' offer. The bank accepted the Haeger offer and declared its contract with the plaintiffs void.

In their suit against the bank seeking to enforce the contract, the plaintiffs alleged that Haeger's right of first refusal was void under the statute of frauds, and also that his offer had not matched the terms of their offer. The trial court concluded that the offers did match and that the purchasers did not have standing to raise the statute of frauds. Therefore, it granted the bank's motion for summary judgment.

## I.

■ The plaintiffs contend that, because the right of first refusal was not in writing, it was void or voidable pursuant to the statute of frauds. The bank argues that, under basic contract law, the plaintiffs have no rights under their contract, and could not challenge the right of first refusal agreement between the bank and Haeger. We agree with the bank.

The contract between the bank and the plaintiffs made express note of, and was conditioned upon, Haeger's right of first refusal not being exercised. That contract specified that it was subject to a right of first refusal by a third party who had 72 hours in which to match the terms and conditions of the contract. It further provided that "if third party does not exercise his right of first refusal, then this signed contract is in full force and effect."

Hence, the plaintiffs' rights were clearly conditional; they had a right to purchase the property only if the right of first refusal was not exercised. *See Charles Ilfeld Co. v. Taylor*, 156 Colo. 204, 397 P.2d 748

(1964). Thus, we agree with the trial court's conclusion that when the right of first refusal was exercised the contract between the plaintiffs and the bank was no longer effective.

■ The plaintiffs' contention that, because Haeger's right of first refusal was not in writing, it is void under the statute of frauds is without merit. The statute of frauds, § 38–10–108, C.R.S. (1982 Repl.Vol. 16A), renders void contracts for the sale of land unless signed by the party "by whom the ... sale is to be made"—here, the bank. Because the bank was willing to treat its contract with Haeger as valid, the contract cannot be considered void. *See Garbarino v. Union Savings & Loan Ass'n*, 107 Colo. 140, 109 P.2d 638 (1941).

Citing 73 Am.Jur.2d, *Statute of Frauds* § 577 (1974), the plaintiffs argue, nevertheless, that the statute of frauds may be asserted to defeat rights of a third person by one who has succeeded to the title of real property. However, since the plaintiffs did not succeed the bank as owner of the property, this principle has no application here.

## II.

■ The plaintiffs' contention that Haeger's offer did not match the terms of their offer is without merit. The record shows both offers to have substantially identical terms. The fact that Haeger *later* applied for and received a loan from the bank to finance his offer is, as the trial court stated, irrelevant. When made, Haeger's offer was in terms of cash. *See C. Robert Nattress & Associates v. CIDCO*, 184 Cal. App.3d 55, 229 Cal.Rptr. 33 (1986). There was, therefore, no impediment to the entry of summary judgment on the bank's motion.

The judgment is affirmed.

JONES and NEY, JJ., concur.