**Bartley A. COSTELLO, Jr.,**
**Plaintiff–Appellant,**

v.

**Stephen H. COOK, Esq. and The Law Firm of Stephen H. Cook, Defendants–Appellees.**

**No. 91CA2098.**

Colorado Court of Appeals,
Div. IV.

April 8, 1993.

George A. Johnson, P.C., George A. Johnson, Boulder, for plaintiff-appellant.

Bayer, Carey & McGee, P.C., Gary L. Palumbo, Denver, for defendants-appellees.

Opinion by Judge MARQUEZ.

Plaintiff, Bartley A. Costello, Jr., appeals the judgment entered by the trial court on his claim for compensation under an employment contract with defendants, Stephen H. Cook and The Law Firm of Stephen H. Cook. We affirm.

Costello began working as an associate for Cook's law firm in June 1984. A short time later, Costello signed an employment contract which Cook had dictated in memorandum form. That contract provided in part as follows:

> [T]o the extent that any contingent fee cases are brought into my firm as a result of your contact or referral, you shall receive ⅓ of the fee received by this firm for that case, over and above your salary.... We have agreed that, should you leave this firm before the conclusion of any such contingent fee case, and the case thereafter remains with you, we will, at that time, have to negotiate a formula for compensation to me for work done on the case while the case was with this firm....

Costello left Cook's firm in September 1985 and went to work for a state agency. At that time, a number of contingent fee cases referred by Costello, which Costello left with Cook's firm, were still pending. A dispute subsequently arose concerning whether Costello was entitled to one-third of the fees recovered for those cases. As a result, Costello commenced this action, asserting that the contract language quoted above granted him an unconditional right to one-third of the fees realized by Cook's firm.

Following a bench trial, the court found that when the contract was negotiated the parties did not discuss what would happen if Costello were to leave the law firm and leave cases which were the result of referrals. The court concluded the above provision of the contract did not address Costello's right to compensation for cases that

remained with the firm after he terminated his employment. Relying on Restatement (Second) of Contracts § 204 (1981), the court ruled that it was required to supply the omitted term, and it then concluded that Costello was entitled to recover payment based on the amount of work performed on the cases while he was at Cook's law firm.

## I.

On appeal, Costello contends the trial court erred in ruling that the provision at issue was ambiguous. We disagree.

A term used in a contract is ambiguous only if it is reasonably and fairly susceptible of more than one meaning. *Hecla Mining Co. v. New Hampshire Insurance Co.*, 811 P.2d 1083 (Colo.1991); *Duffy v. Grogan Enerserve Corp.*, 708 P.2d 809 (Colo. App.1985).

Whether a phrase within a contract is ambiguous is a question of law. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.*, 633 P.2d 1081 (Colo.1981).

■ Once a contract provision is determined to be ambiguous, and the ambiguity cannot be resolved by reference to other contractual provisions, extrinsic evidence must be considered by the trial court in order to determine the mutual intent of the parties at the time of contracting. *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo.1984); *Polemi v. Wells*, 759 P.2d 796 (Colo.App.1988). In such circumstances, the meaning of contract language generally is an issue of fact to be determined in the same manner as other disputed factual issues. *Pepcol Manufacturing Co. v. Denver Union Corp., supra; Aetna Casualty & Surety Co. v. Canam Steel Corp.*, 794 P.2d 1077 (Colo.App.1990).

■ We agree with the trial court's determination that the first sentence in the contract provision quoted above is ambiguous. While the first part of the sentence suggests Costello is entitled to a one-third fee for any contingent fee case referred to the firm, one may reasonably conclude that the phrase "over and above your salary"

serves as a condition allowing plaintiff a right to recover the proportionate amount only in those instances in which the fee for the case was received while he was still employed and receiving a salary from the firm. As the trial court noted, such an interpretation would be consistent with the remaining provision in the quoted portion of the paragraph, which abandoned the fixed-percentage formula in the event Costello left the firm with a case before its completion.

## II.

■ Costello next contends the trial court erred in holding that the rule set forth in Restatement (Second) of Contracts § 204 authorized it to rectify the omission in the contract by supplying the missing term. He argues that an omitted contract term may be supplied by a court only when the situation giving rise to a dispute was unforeseen by the parties or, in the alternative, when the parties reached an agreement regarding the situation but failed to express it in the final contract. Costello asserts that neither prong of this test was met in the instant case because the parties did foresee the situation that developed and they did not reach an "unexpressed agreement" regarding the contingency. We disagree.

Restatement (Second) of Contracts § 204 provides as follows:

When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court.

There is nothing in the express terms of this Restatement provision to support Costello's assertion that application of the rule is somehow dependent on whether the parties to a contract foresaw the need for the missing term. Instead, it plainly states that a court is authorized to supplement a contract whenever the parties have not agreed regarding an essential term.

As indicated in Restatement (Second) of Contracts § 204 comment b (1981), entitled "How omission occurs," the lack of mutual assent resulting in the omission of an essential term may be attributable to an oversight on the part of the parties or a failure to address their respective expectations:

> The parties to an agreement may entirely fail to foresee the situation which later arises and gives rise to a dispute; they then have no expectations with respect to that situation, and a search for their meaning with respect to it is fruitless. Or they may have expectations but fail to manifest them, either because the expectation rests on an assumption which is unconscious or only partly conscious, or because the situation seems to be unimportant or unlikely, or because discussion of it might be unpleasant or might produce delay or impasse.

Here, Cook testified, "I'm saying we didn't discuss what would happen if the fee came in after he left." During closing arguments Costello conceded that at the time the parties entered into the employment contract, they each attached a different meaning to the disputed paragraph and they did not discuss their respective expectations concerning the situation which subsequently developed. In light of this admission, we perceive no error in the trial court's application of Restatement (Second) of Contracts § 204.

Inasmuch as we are affirming the trial court's judgment, we do not address the question whether Costello's interpretation of the agreement would create an unethical result.

The judgment is affirmed.

PLANK and JONES, JJ., concur.