Fred Y. **BOYER**, Petitioner,

v.

George M. **KARAKEHIAN**, Respondent.

No. 95SC89.

Supreme Court of Colorado,
En Banc.

April 22, 1996.

As Modified on Denial of Rehearing
May 20, 1996.

Boyer & Snively, L.L.C., Robert W. Snively, Boulder, for Petitioner.

Martin & Mehaffy, L.L.C., Joel C. Maguire, Boulder, for Respondent.

Chief Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari to review the decision of the court of appeals in *Karakehian v.*

*Boyer,* 900 P.2d 1273 (Colo.App.1994), affirming the trial court's entry of judgment pursuant to a jury verdict in favor of the respondent George Karakehian and against the petitioner Fred Boyer. The court of appeals held, *inter alia,* that the trial court correctly refused to instruct the jury on the statute of frauds, and that the trial court correctly allowed the respondent to introduce certain parol evidence. We affirm the court of appeals' holding regarding the statute of frauds and reverse the court of appeals' holding regarding the parol evidence.

## I.

On May 1, 1991, Boyer and Karakehian executed a written agreement entitled "Lease and Option" (the "Agreement"). The agreement provided that Boyer was to rent Karakehian's house for the four month period from May 8, 1991 through September 8, 1991 for $1,750 per month. The Agreement also stated that Boyer was to provide Karakehian a security deposit of $1,750. The Agreement further provided that Boyer had the option to purchase the property at any time during the term of the lease for the sum of $275,000.[1] Boyer then gave Karakehian a check for $3,500, representing the first month's rent and security deposit, and moved into the house.

On August 8, 1991, Karakehian informed Boyer that he wished to discuss closing a sale on the house. On September 5, 1991, Boyer sent Karakehian a rent check in the amount of $1,750 marked, "September rent,"[2] along with a handwritten note stating: "George— Let's get together Monday to discuss closing. Lunch would be a good time.—FYB."

Boyer and Karakehian met for lunch on September 9, 1991. The parties are in dispute over what occurred at that meeting. Karakehian claims the parties set a closing date at the meeting, while Boyer maintains that he told Karakehian that he was unsure at that time whether he wanted to purchase the property. When Karakehian was subsequently unable to contact Boyer in order to set a closing date, Karakehian served Boyer with a notice to quit on September 27, 1991, terminating Boyer's tenancy effective October 8, 1991. Karakehian also notified Boyer that he was retaining Boyer's security deposit of $1,750.

Boyer then filed suit in county court demanding return of the security deposit, and Karakehian counterclaimed for breach of contract and promissory estoppel. The cases were consolidated and transferred to district court, where, after a trial, a jury rendered a verdict in favor of Karakehian on the breach of contract claim and against Boyer on the security deposit claim.

Boyer appealed, claiming, *inter alia,* that the trial court erred by refusing to instruct the jury on the statute of frauds, and that the trial court erred by allowing the respondent to introduce certain parol evidence. The court of appeals affirmed the trial court as to both of Boyer's allegations of error.

With regard to the statute of frauds instruction, the court of appeals held that because the Colorado statute of frauds requires a writing signed by the party by whom the sale is to be made, the purpose of the statute is to protect the vendor, and the statute thus may not be asserted by the vendee. The court also held that because the Agreement did not specify any particular form in which the option was to be exercised, that Boyer's oral exercise of the option constituted a valid acceptance. The court of appeals therefore held that the trial court correctly refused to instruct the jury on the statute of frauds.

With regard to the parol evidence, the court of appeals held that Karakehian's testimony regarding the Agreement was properly admitted by the trial court. The court held that because Karakehian's testimony did not contradict the terms of the written agreement, and because the testimony was permis-

---

1.  The purchase option provided:
    IT IS FURTHER MUTUALLY AGREED that the Landlord, in consideration of the performance of all the covenants and agreements herein to be performed by the Tenant, hereby gives to the Tenant an option to purchase said above described premises at any time during the term of this lease at and for the sum of $275,000.00....

2.  The rent check covered the period from September 8 to October 8.

sible as to Karakehian's promissory estoppel count, the trial court allowed the testimony to be admitted into evidence. Boyer then filed a petition for certiorari which we granted.

## II.

Boyer claims that the court of appeals erred by affirming the trial court's refusal to instruct the jury on the statute of frauds. Specifically, Boyer asserts that the jury should have been instructed that:

> The defendant, Fred Boyer, is not legally responsible to the plaintiff, George Karakehian, on the plaintiff's claim of breach of contract if the affirmative defense of the statute of frauds is proved. This defense is proved if you find the following:
>
> 1. There is no note or memorandum, signed by the defendant, establishing that he timely and unequivocally exercised the option.

Boyer contends that he was entitled to such an instruction based upon his theory that the statute of frauds requires that any exercise of the written option contained in the lease/option instrument be in writing. Because Karakehian's theory was that Boyer was liable to him based on an oral exercise of the option, Boyer claims that the jury should have been instructed that the statute of frauds precludes such an oral exercise.

Karakehian maintains that the court of appeals correctly affirmed the trial court's rejection of this instruction because the Colorado statute of frauds was drafted for the protection of the vendor, rather than the vendee, and the vendee thus may not assert the statute against the vendor. Karakehian further asserts that the statute of frauds does not preclude the enforcement of the option contract where the option was exercised orally. We agree with Karakehian that our prior cases hold that the vendee in a real estate transaction is precluded from asserting the statute of frauds against the vendor.

■ A purchase option in a lease is an irrevocable offer to sell the leased property to the lessee for a specified consideration. *Polemi v. Wells*, 759 P.2d 796, 798 (Colo.App. 1988), *cert. denied*, No. 88SC249 (Colo. Aug.

22, 1988). As a purchase option is a contract for the sale of an interest in land, it is required by statute to be in writing. *Simpson v. Nelson*, 71 Colo. 490, 491, 208 P. 455, 455–56 (1922).

■ The Colorado Statute of Frauds provides:

> Contracts for interests in land—must be written. Every contract for ... the sale of any lands or any interest in lands is void unless the contract or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party by whom the lease or sale is to be made.

§ 38–10–108, 16A C.R.S. (1973). The Colorado statute differs from the majority of state statutes of fraud, which generally require a memorandum signed "by the party to be charged." *See, e.g.*, Ariz.Rev.Stat. Ann. § 44–101 (West 1994); Cal. Civ.Code § 1624 (West 1985); Conn. Gen.Stat. § 52–550 (1995); *see also* 72 Am.Jur.2d *Statute of Frauds* § 364 (1974). Colorado's statute, however, requires that contracts for an interest in land be evidenced by a memorandum signed by the party *by whom the sale is to be made*, in other words, the vendor. We interpreted the Colorado statute in the context of an option contract for the purchase of land in *Garbarino v. Union Savings & Loan Association*, 107 Colo. 140, 109 P.2d 638 (1941), wherein we stated that:

> the purpose of the statute, so far as it relates to the sale of land, is to protect the vendor only, and the vendee, seeking to recover purchase money, cannot set up the statute against a vendor who is ready and willing to perform.

*Id.; accord Houtchens v. United Bank of Colo. Springs*, 797 P.2d 814, 815 (Colo.App. 1990).

■ Thus in the instant case, the statute operated for the protection of Karakehian, the vendor, rather than Boyer, the vendee. Karakehian asserted, and the jury found, that Boyer orally accepted Karakehian's offer to sell his property pursuant to the purchase option contained in the Agreement. The record indicates that Karakehian was ready, willing, and able to perform, and

brought suit against Boyer as the result of Boyer's refusal to perform. *Garbarino* and its progeny hold that in such a situation, the vendee may not assert the statute of frauds as an affirmative defense in an attempt to avoid the contract. Boyer is therefore precluded from raising the statute of frauds as an affirmative defense in Karakehian's action against him. We thus hold that the court of appeals properly held that the trial court did not err in refusing to instruct the jury on the statute of frauds.

### III.

Boyer contends that the trial court erred by admitting testimony by Karakehian at trial as to why he entered into the Agreement. Karakehian maintains that the trial court correctly admitted evidence of his and Boyer's oral representations to each other because those representations did not vary or contradict the terms contained in the Agreement. We agree with Boyer, and hold that the trial court improperly admitted parol evidence at trial.

At trial, Karakehian testified as follows on direct examination:

MR. MAGUIRE (Karakehian's attorney): Mr. Karakehian, when we left off you had talked about Mr. Boyer coming out looking at the house, giving him the purchase price, and him saying fine basically. After that point what happened?

KARAKEHIAN: The next part in the equation was I believe it was the next day Fred told me that we had a problem. And I said, you know, what's the problem. And he said that in fact he had signed . . . .

. . . .

. . . an agreement with a realtor where the realtor would in fact represent him. And because of that agreement Fred would have to pay this realtor a commission if in fact a house got purchased. And that was the next step in this whole transgression [sic].

MAGUIRE: Okay. And after he made that statement to you, what happened next?

KARAKEHIAN: I told Fred that I was not interested in renting my house. I was

never interested in renting my house; that it was—it was a problem. Fred suggested that to bypass his realtor that—that he can do something to make it look like it was a rental with an arrangement that he could buy it after the period when his agent's time period ran out.

. . . .

MAGUIRE: And what did he come up with?

KARAKEHIAN: Well, Fred brought with him an agreement that we filled out that was a lease and an option agreement that he said would eliminate his have [sic] to paying any commission to this person and cost him any more money.

The representations made by the parties in this testimony were made prior to the execution of the Agreement.

■■■■ A court should only admit parol evidence when the contract between the parties is so ambiguous that their intent is unclear. *Cheyenne Mountain School Dist. # 12 v. Thompson*, 861 P.2d 711, 715 (Colo. 1993). In the absence of allegations of fraud, accident, or mistake in the formation of the contract, parol evidence may not be admitted to add to, subtract from, vary, contradict, change, or modify an unambiguous integrated contract. *Tripp v. Cotter Corp.*, 701 P.2d 124, 126 (Colo.App.1985); *see also Buckley Bros. Motors v. Gran Prix Imports*, 633 P.2d 1081, 1083 (Colo.1981).

■■■■ As noted by the court of appeals, however, the parol evidence rule does not bar admission of oral representations which are not inconsistent with the terms of the final written instrument and are not of the type that one would necessarily expect to be incorporated into the final agreement. *Karakehian*, 900 P.2d at 1279 (citing *Stevens v. Vail Assocs., Inc.*, 28 Colo.App. 344, 472 P.2d 729 (1970)). Citing this proposition, the court of appeals held that Karakehian's testimony was admissible because

this testimony does not change or contradict the terms of the lease/option arrangement or bind defendant to purchase the property. It explains why plaintiff decided to enter into the lease/option agreement.

*Id.* at 1279. The court of appeals also observed that parol evidence may be admitted to demonstrate that a written agreement did not become binding because an agreed upon condition precedent did not occur. *Id.* (citing *Cosper v. Hancock*, 163 Colo. 263, 430 P.2d 80 (1967)). In this regard, the court of appeals held that the parol evidence was admissible because

> both parties' expectations regarding the lease/option arrangement were … relevant to the jury issue of whether defendant had, in fact, exercised the option.

*Id.*

■ Although the court of appeals' exposition of the law is correct, its application of the law to the facts of this case is incorrect. The parol evidence in the instant case was improperly admitted by the trial court because that evidence directly contradicted the express, unambiguous language of the Agreement. Karakehian's testimony indicates that prior to executing the Agreement, the parties reached some separate understanding that the Agreement was actually an agreement to purchase the property. This testimony is contrary to the terms of the Agreement which provides that Boyer was to lease the property from Karakehian, with an option to purchase the property at any time during the lease period, but imposes no obligation on Boyer to purchase. *Cf. Polemi*, 759 P.2d at 798.

Moreover, the parol evidence admitted by the trial court is not within any of the exceptions to the parol evidence rule. The court of appeals held that Karakehian's testimony constituted admissible parol evidence because that evidence was relevant to a condition precedent—Boyer's exercise of the option to purchase. This conclusion misapprehends the import of Karakehian's testimony. Karakehian's testimony related not to whether Boyer exercised the option, but to the nature of the Agreement itself.

■ The determination of ambiguity in a contract is a matter of law. *Buckley Bros. Motors*, 633 P.2d at 1083. This court is thus not bound by the findings of the trial court on that issue. *Id.* Based upon careful scrutiny of the Agreement, we conclude that it is not ambiguous. The Agreement is entitled "Lease and Option," and it expressly provides clear terms pertaining to a lease with an option to purchase. Karakehian's testimony was improper because it purported to show that the Agreement is not an option contract, but is actually a purchase contract. This is precisely the type of testimony precluded by the parol evidence rule.

Additionally, neither party in this case pled mistake or fraud with respect to the formation of the Agreement. That exception is thus inapplicable here.

Finally, the court of appeals held that the parol evidence was properly admitted as to Karakehian's promissory estoppel claim. The court further stated that because Boyer did not request an instruction at trial limiting the jury's consideration of that evidence to the promissory estoppel claim, he may not now object to that testimony as violative of the parol evidence rule. In order to engage in a proper analysis of this issue, we must determine what Karakehian's testimony tended to establish.

Karakehian argues, and the court of appeals agreed, that this testimony was relevant to the jury issue of whether Boyer had exercised the option—in other words, the question of whether a promise existed that would support relief under the theory of promissory estoppel. Boyer contends, however, that this testimony tended to establish that the parties intended the instrument they executed to be a purchase contract, rather than a lease with an option to purchase.

■ We agree with Boyer that Karakehian's testimony relates to the issue of contract interpretation rather than formation, and thus does not relate to the theory of promissory estoppel. Karakehian testified extensively that: (1) he understood the transaction to be a sale rather than a lease; (2) both parties intended to enter into a contract for sale rather than a lease and option; (3) Karakehian was not interested in renting his house; and (4) the parties used a lease and option so that Boyer could avoid paying a commission to his realtor. This testimony goes directly to the question of the nature of the lease/option Agreement itself. This is

unrelated to the promissory estoppel question of whether Boyer made any promises subsequent to the formation of the contract upon which Karakehian relied to his detriment.

The Agreement is unambiguous. It bound Boyer to a four-month lease of the subject property with an option to purchase the property within that time period. It does not, on its face, bind Boyer to purchase the property. Karakehian's testimony relating to interpretation of the lease/option contract is thus impermissible parol evidence and was not relevant to Karakehian's promissory estoppel claim. We thus affirm in part and reverse in part, and remand this case for a new trial.

ERICKSON, J., does not participate.